### Case No. 11,439.

### In re PROBY.

[17 N. B. R. 175;[1] 12 Am. Law Rev. 598; 17 Alb. Law J. 167.]

District Court, D. Massachusetts. Feb., 1878.

BANKRUPTCY — POWER OF REGISTER IN COMPOSITION PROCEEDINGS—EXAMINATION OF DEBTOR.

1. In composition proceedings the register has power, subject to the reviewing power of the court, to conduct the inquiries to be made of the debtor, and to take down the substance of his answers, and to adjourn the meeting with, and in some cases without the consent of the parties, but not to conduct a written examination upon things in general, like one in bankruptcy. nor to permit all the inquiries and investigations which would be proper in bankruptcy.

[Cited in Re Cheney, Case No. 2,637.]

2. In most cases, the register is justified in refusing to permit the inquiries to extend beyond the day of the meeting.

Proceedings for composition. Application [by Walter Proby] for certificate whether examination of debtor shall be continued.

W. P. Fowler, for debtor.

Bicknell & Stacy, for creditor.

LOWELL, District Judge. The bankrupt offered a composition, and a meeting was called to consider it. A creditor wished to examine the debtor, and, no objection being made, he has been examined from time to time, in writing, at sundry adjournments of the meeting. At the last hearing the debtor objected that the examination was being carried on at great and unnecessary length, and asked for a certificate whether it should proceed further, and this question has been argued. The statute says the debtor, unless prevented by sickness or other cause, satis-

factory to the meeting, shall be present at the same, and shall answer any inquiries made of him. This is taken from the law of England; and in that law the proceeding is not one in bankruptcy, and the inquiries are not answered on oath, and there is no power to adjourn a meeting excepting by such a vote as would be sufficient to adopt a resolution for composition; but the creditors may obtain an order for examination afterward upon making out a prima facie case of fraud. See Ex parte Levy, L. R. 11 Eq. 619; Ex parte Jones, L. R. 16 Eq. 386; Ex parte Till, 10 Ch. App. 631. We have copied the words, but have varied the practice somewhat. Our courts have held that the debtor should answer on oath, and that the register has power to adjourn a meeting. See In re Holmes [Case No. 6,632]. Notwithstanding these differences, our statute does not, in my opinion, intend that the debtor, as it carefully calls him, should undergo a regular written examination, upon things in general, like one in bankruptcy. In the first place, the meeting may excuse his attendance altogether, which will effectually defeat all inquiry; in the next, the proceeding is plainly intended to be summary, and to settle, so far as the voting is concerned, whether the creditors will accept the propositions made them. In theory the creditors are attending all this time, waiting to vote, and they must attend each adjournment or lose their vote. No doubt the attendance may be and, perhaps, almost always is by proxy, but that does not help me to construe the statute. Suppose after days or weeks of examination the creditors should vote against the acceptance of the composition, not on the strength of anything contained in the answers to the inquiries, but because there had never been a sufficient number ready to vote affirmatively. Many other cases might be put, which would exhibit rea-

[1] [Reprinted from 17 N. B. R. 175, by permission.]

sons of convenience besides those which the language of the statute suggests.

Our practice has been to permit any creditor to file objections to the recording of the resolutions and to take evidence on the matter before the final order. Even this is inconvenient and expensive, but we have found that, by postponing the formal examinations until that time, no injustice is done to the objectors, and many of the cases are disposed of one way or the other with the consent of all parties, without the examinations. I appreciate the difficulties which a creditor has to meet if the debtor is fraudulent. I have often thought it would be well to make a rule that any creditor should be at liberty to examine the bankrupt before the meeting. This would remove some of the inconveniences. I do not think the statute positively intends this, and, therefore, I have refused to grant such orders; but it does not follow that this court, in the absence of any rule by the supreme court, has not power to establish it as a general rule of practice, applicable to all cases.

As the law stands, I think the register must have the power, subject to the reviewing power of the court, to conduct the inquiries, and to take down the substance of the answers, and to adjourn the meeting by consent of parties, and even, in some cases, against the wishes of one or the other; but not to conduct a written examination of the length which this appears to threaten, nor to permit all the inquiries and investigation which would be proper in bankruptcy; and in most cases, I think he would be justified in refusing to permit the inquiries to extend beyond the day of the meeting.