## HOFFSCHLAEGER COMPANY, LIMITED, *vs.* YOUNG NAP *alias* YOUNG LAP.

### April 14, 1904.

*Bankruptcy Law.—Sufficiency of Order for Writ of Ne Exeat:* The order for process to issue was made on a separate piece of paper; it recited "In the above case let the writ issue, etc." This was sufficient, it being filed with the papers in the case and there being no uncertainty about its connection with the case.

*Same.—Time Allowance for Filing Bond in Issue of Process:* The plaintiff was allowed 24 hours in which to file the bond required by the order for process, and it was filed during such limit. This was sufficient.

*Same.—Writ of Ne Exeat.—Affidavit by Whom:* Permission for a writ of ne exeat is sufficiently supported by a sworn affidavit by one holding the positions of secretary, treasurer and manager of the plaintiff corporation, containing the allegations of respondent's indebtedness in a fixed amount for goods sold and delivered, of respondent's action in securing passage for himself and family on a steamer about to depart for a foreign land and that such departure would prejudice plaintiff's interest in such indebtedness.

*Same.—Construction.—Distinction between "Farming" and "Tillage of the Soil" in Bankrupt Act:*

One whose principal occupation is raising live stock and producing fodder for feeding them by cultivation of the soil, is "chiefly engaged in farming" but not chiefly engaged in "the tillage of the soil": citing *Brandenburg on Bankruptcy*, 87, and *In re Rugsdale*: Fed. Cas. No 12,123.

*Same.—Allegations as to Principal Place of Business and Balance Due:* Allegation of principal place of business for preceding six months, sufficient as to time and place of accruing of debt; and allegation of debt as "balance due upon goods, wares and merchandise sold and delivered to respondent by petitioner at respondent's request" sufficient as to nature of petitioner's claim.

*Same.—Allegation as to Exemptions:* It is not necessary to allege that property to be seized is not exempt from seizure.

In Bankruptcy: Motion to Quash Writ of *Ne Exeat.*

Thayer & Hemenway, Attorneys for Petitioner.

C. W. Ashford and E. M. Watson, Attorneys for Respondent.

DOLE, J.   The petitioner filed his petition praying that the respondent Young Nap *alias* Young Lap, who he alleges has been doing business as a general merchant under the name of Young Hop Chan, be adjudged to be a bankrupt.   This petition was filed March 29th at five minutes past five in the afternoon. Following this petition, on the same day, a motion was filed in these proceedings for a writ of *ne exeat regno* compelling the respondent to give bail that he would not leave the territory without leave of the court and failing such bail that he be committed to prison.   This motion is supported by an affidavit by Robert F. Lange who says in the affidavit that he is the secretary, treasurer and manager of the plaintiff company.   Upon this showing, a writ of *ne exeat regno* was issued requiring bail of the respondent in the sum of three thousand ($3,000) dollars, and the respondent was arrested under this writ and failing to give bail was imprisoned.

On the 31st of March, the respondent by his attorney filed a motion to quash the writ upon the ground that the same was improvidently and illegally issued, and of no legal or binding force because there was not tendered to nor received by the court or judge thereof, such legal and sufficient evidence and showing of the alleged intention of said respondent to leave said district, or of any other fact material to be shown or

proven in the premises, as the law provides and requires as the prerequisite to the arrest or detention of the respondent.

And also that there was not made, signed or filed in said cause or as a part of the records thereof any order of said court or judge or any legal and sufficient evidence of the allowance by said court or judge for, or of, the issuance by the clerk of said court or otherwise, or at all, of said writ, or of any writ or order whereby the respondent might be legally detained or arrested, or otherwise deprived of his liberty. The motion is based upon the records herein, including the return of the marshal indorsed upon any process issued in this court.

The return of the marshal, dated March 29th, shows that he has the body of the respondent in custody for want of bail and has placed him in safe keeping in the custody of the keeper of the Oahu Prison. This motion was heard on the 4th day of April, and at such hearing the respondent's counsel contended that the writ was illegal and insufficient because it did not conform in the showing made in support of it, to Section 9B of the Act of Bankruptcy of July 1st, 1898. The counsel for the plaintiff, however, said that they had moved for the writ, not under Section 9B, but under Section 2, division 15 of the said Act of Bankruptcy, which provides that the courts of bankruptcy of the United States shall have such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, to "make such "orders, issue such process and enter such judgments in "addition to those specifically provided for as may be necessary "for the enforcement of the provisions of this Act." The conditions precedent for the issue of a writ of *ne exeat regno* as set forth in 16 Am. & Eng. Encl. Law, page 379 and following, and 14 Encl. Pl. & Pr., page 323 and following, require that the application for such a writ, 1st. "Must be supported by an "affidavit made by complainant or some person conversant with "the facts;" 2nd. That such affidavit "should contain positive "allegations that there is an equitable debt due, certain in

"amount, except in case of account where it is sufficient if. "affiant swears to the amount to the best of his knowledge and "belief;" 3rd. "The affidavit should also be positive as to "defendant's intention to go abroad or to his threats or declara- "tions to that effect or to facts evincing it;" 4th. "The affida- "vit should also allege that the debt will be endangered by the "defendant's going abroad."

The first ground mentioned is fully carried out by the fact of the affidavit being made by the secretary, treasurer and man- ager of the plaintiff company. As to the second ground, the statement in the affidavit of respondent's indebtedness to plain- tiff in a fixed amount for goods sold and delivered, is a sufficient allegation of an equitable debt taken together with the allega- tion of petition "that the nature of your petitioner's claim is "as follows, to-wit: balance due upon goods, wares and mer- "chandise sold and delivered to respondent by petitioner at "respondent's request, $2,664.20."

The statement of the affidavit that respondent recently came to Honolulu with his family and secured passage to China for himself and family on the S. S. "Siberia," is sufficiently posi- tive as to respondent's intention to go abroad, covering the third allegation, and the statement in the affidavit as to the prejudicial effect of respondent's intended departure on his debt to com- plainant sufficiently covers the fourth requirement.

Besides these objections, respondent's counsel contended in his argument at the hearing that the petition does not sufficiently bring respondent under the authority of the statute of bank- ruptcy in that it does not allege him to be a person not engaged chiefly in farming or the tillage of the soil. The allegation of the petition on this point is that the respondent "is not a wage "earner nor a person principally engaged in farming;" the statute excludes "a person engaged chiefly in farming or the tillage of the soil." The distinction between farming and tilling the soil is so vague and indefinite that I do not consider that this point is of much importance. The words "or the tillage

of the soil," in the statute, are evidently used to explain and extend the application of the word "farming," rather than to refer to a distinct class of workers, although in Brandenburg on Bankruptcy, page 87, the following distinction is made:

"A person whose principal occupation is raising cattle and hogs for the market, his farm being chiefly devoted to pasture, and for raising grass, hay and corn to feed and fatten the stock, is not subject to be adjudged a bankrupt upon the petition of his creditors, being a farmer though not a tiller of the soil."

The case quoted as supporting this conclusion, *In re Rugsdale,* 20 Fed. Cas. 1,334; Case No. 12,123, hardly bears out this point. Certainly the person mentioned in Brandenburg on Bankruptcy as a farmer was also a tiller of the soil, as part of his business was raising grass, hay and corn for his stock. The point made probably refers to the significance of the word "chiefly" in the statute and the force of the above citation would appear to be that a farmer whose principal occupation is raising cattle and hogs for the market and cultivating grass, hay and corn to feed and fatten them is not engaged in the tillage of the soil as his chief occupation but as a subsidiary enterprise to his principal occupation of raising and selling live stock. This distinction is a refined one and does not appear to be generally recognized. It would be better, however, for the allegation in an application for an adjudication of involuntary bankruptcy to state the whole ground negativing the respondent's exemption from being involuntarily adjudged a bankrupt in the words of the statute, alleging that the respondent is not "a person engaged chiefly in farming or the tillage of the soil." An amendment will be allowed to carry out this suggestion.

The counsel for respondent also contended in his argument and brief that the petition is insufficient in that it does not allege when and where the alleged debts were incurred, and that "allegation in the petition that petitioner has provable "claim against alleged bankrupt is not sufficient." This objection is sufficiently met by the allegation of the petition that

respondent "has for the greater portion of six months next pre-
"ceding the date of this petition, had his principal place of
"business at said Waiakoa, Kula, Island of Maui and within
"the Territory aforesaid," and "that the nature of your peti-
"tioner's claim is as follows, to-wit: balance due upon goods,
"wares and merchandise sold and delivered to respondent by
"petitioner at respondent's request, $2,664.20."

Respondent's counsel also contended that there was no allega-
tion that the property removed was not exempted property and
referred the court to Section 6 of the Act of Bankruptcy refer-
red to in page 552 of 1 Fed. Stat. Ann. I have examined the
numerous notes under this section and find no authority requir-
ing a petitioner to allege that the property desired to be seized
was not exempted property.

This objection is therefore overruled.

In regard to the second objection made by the motion set
forth above, it appears by the record that the judge signed an
order on a separate paper which was not prefaced by the descrip-
tion and title of the case; such order used the words "in the
"above case," with the evident intention that such paper should
be attached to the motion for the writ. Although this has not
been done, I do not consider that the objection of respondent's
counsel is tenable, inasmuch as there is no uncertainty as to
the meaning and intent of such order, it having been filed in
the court under the title of this case before, or at the time of,
the issuance of such writ.

Defendant's counsel also supported his motion to quash by
the contention that the writ was issued before the plaintiff com-
pany was required to file its bond of indemnity to respondent.
The order in this matter required the plaintiff company to file
such bond within twenty-four hours. I do not find in the
authorities any requirement that such bond should be filed at all,
and at any rate, the bond having been filed within the time re-
quired by the order, it does not appear that the respondent has
any complaint to make in regard to such delay.

The motion to quash is overruled.