## In re ANDERSON.

(District Court, D. Montana. January 16, 1905.)

No. 270.

1. BANKRUPTCY—DISCHARGE—APPLICATION—FILING—TIME—EXTENSION.

Where a bankrupt failed to file his application for a discharge within a year after adjudication, as provided by Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], and made no affidavit in support of an application for an extension of time, an affidavit by one member of a firm of attorneys who had represented him in the bankruptcy proceedings, alleging that two members of the firm were absent for a considerable period before expiration of the time within which the petition for a discharge should have been filed, etc., and that affiant, who was the only remaining member of the firm, had been unable to keep up with the firm's business, and that the filing of the petition was overlooked, was insufficient.

Huntoon, Worden & Smith, for bankrupt.

HUNT, District Judge.   The bankrupt has filed a petition praying that he be allowed to file a petition for his discharge.   The petition is dated December 7, 1904.   Accompanying it is the affidavit of E. G. Worden, who states that he is a member of the law firm of Huntoon, Worden & Smith, of Lewistown, Fergus county, Mont., attorneys for Steve D. Anderson.   Affiant states that Steve D. Anderson was duly adjudged a bankrupt on September 1, 1903, but that he failed to file his petition for discharge before one year after September 1st because one of the members of the law firm of Huntoon, Worden & Smith was absent for a period of three and one-half months immediately prior to the 27th of September, 1904, and in consequence was unable to attend to any part of the business of the said law firm; that another member of the said law firm was absent from the city of Lewistown, county of Fergus, upon urgent business, for a period of about seven weeks during the same time that the other member was so absent, and that it was practically impossible for the affiant, who was the other member of the firm, to keep up the work of said law firm during said absences; and that it became impossible for the two members to attend to the new business and to the accumulated business of the said law firm during the few weeks when one of the members was present to assist affiant in the business of the firm, while the other member was absent; and owing to these facts, and to the further fact that said matter had lain for about a year, the filing of the petition of the bankrupt for discharge was overlooked.

Section 14 of the bankrupt act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], provides that:

"After the expiration of one month, and within the next twelve months subsequent to being adjudged a bankrupt, any person may file an application for discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within, but not after, the expiration of the next six months."

The showing made by the affidavit is far from sufficient to justify a court in concluding therefrom that the bankrupt was unavoidably prevented from filing his petition within the time prescribed.   The bankrupt himself makes no affidavit, and must therefore be bound by the excuses offered by his counsel.   These being plainly insufficient, his petition for leave to file a petition for discharge is denied.