In re WOLFF.

(District Court, N. D. California. March 8, 1900.)

No. 2,710.

1. BANKRUPTCY—APPLICATION FOR DISCHARGE—TIME OF FILING.

Under Bankr. Act 1898, § 14a, after the expiration of a year from the date of his adjudication a bankrupt has no absolute right to apply for a discharge, but may be allowed to do so within the next six months, by an order of court, based on a petition to the judge for leave to file such application, accompanied by satisfactory evidence that the bankrupt was unavoidably prevented from making his application within the year.

2. SAME—ENTRY NUNC PRO TUNC.

Where a bankrupt filed an application for discharge 16 months after his adjudication, but without obtaining leave so to do, and without showing that he had been unavoidably prevented from making the application within the year, and afterwards, more than 18 months from the date of the adjudication, presented a verified petition setting forth the reasons for his delay, and praying for leave to file his application, and that the order granting such leave might be entered nunc pro tunc as of the date when the application was originally presented. held, that the petition must be denied, since the failure seasonably to obtain an order for leave to file the application was attributable to the laches of the party, not to the act of the court; and that the application for discharge must be dismissed, but without prejudice to the right of the bankrupt to commence a new proceeding in bankruptcy.

In Bankruptcy. On bankrupt's application for discharge.

Jos. Rothschild, for bankrupt.

Mullany, Grant & Cushing, John R. Aitken, Rosenthal & Wise, and O'Brien, O'Brien & O'Brien, for creditors.

DE HAVEN, District Judge. The bankrupt has the absolute right to apply for his discharge at any time after the expiration of 1 month and within 12 months subsequent to being adjudged bankrupt. If the application is not filed within that period, and "it shall be made to appear to the judge that the bankrupt was unavoidably prevented from

filing it within such time, it may be filed within but not after the next six months." Bankr. Act, § 14. The petition for discharge in this case was not filed until within a few days prior to the expiration of 16 months after the adjudication, and was accompanied by no showing "that the bankrupt was unavoidably prevented" from filing it within 12 months after the adjudication, nor was any application made to the judge for leave to file the petition. The practice pursued was certainly irregular. The statute contemplates that when a petition for discharge is not filed within 12 months after the adjudication the same may be thereafter filed within the next 6 months, but that such filing shall only be allowed upon an order of the judge, based upon satisfactory evidence that the bankrupt was unavoidably prevented from filing the application within 12 months after the adjudication. On March 3, 1900, more than 18 months after the date of adjudication, the bankrupt filed his verified petition, in which he set forth the reasons for the delay in the filing of his application for discharge, the petition concluding with a prayer for an order "granting petitioner leave to file his petition for discharge herein, and that said order granting such leave be filed nunc pro tunc as of the 6th of December, 1899," the date of the filing of the original petition for discharge. It is not doubted that, where an order has been actually made, and through inadvertence of the clerk not entered at the proper time, the court may, in furtherance of justice, direct that the entry be made as of the date when it should have been entered; but the court is not vested with authority to make an order nunc pro tunc, except when the delay in making such order has resulted from some act of its own. In the language of the supreme court:

"Where the delay in rendering a judgment or a decree arises from the act of the court,—that is, where the delay has been caused either for its convenience, or by the multiplicity or press of business, either the intricacy of the questions involved, or of any other cause not attributable to the laches of the parties,—the judgment or the decree may be entered retrospectively as of a time when it should or might have been entered up." Mitchell v. Overman, 103 U. S. 61, 46 L. Ed. 370; Gray v. Brignardello, 1 Wall. 627, 17 L. Ed. 693.

It is clear that the present case does not fall within this rule. It may be, however, that the prayer of the present petition can be construed, as, in effect, asking that the court shall, by its order, now consent to the previous filing of the application for discharge, and permit the same to stand with the same legal effect as if it had been regularly filed. Without passing upon the question of the power of the court to make such an order as that, and more particularly upon an application made, as in this case, more than 18 months after the adjudication, it will be sufficient to say that the facts stated in the petition do not show that the bankrupt was unavoidably prevented from filing his application for discharge within 12 months after the adjudication. The application for leave to file is denied, and the petition for discharge, filed herein on December 6, 1899, will be dismissed, without prejudice to the right of the bankrupt to commence a new proceeding in bankruptcy.