In re LEWIN.

(District Court, W. D. Texas, Waco Division. February 24, 1905.)

No. 422.

BANKRUPTCY—DISCHARGE—APPLICATION—EXTENSION OF TIME.

Where a bankrupt resided in a city where access to his attorneys was easy, and he failed to apply for a discharge until the latter part of the year within which he was entitled to make the application, when sickness in his family was alleged to have prevented him from filing his applica-

tion within the year, but it did not appear that such sickness or other cause prevented the attorneys from preparing the petition for his signature and verification during the time prescribed, he was not entitled to an extension of time in the discretion of the court, as authorized by Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427].

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 694.]

Application for Leave to File a Petition for Discharge.

Bounds & Hart, for petitioner.

MAXEY, District Judge. The bankrupt in this case, who resides in Hillsboro, Tex., has applied to the court for leave to file a petition for discharge. It is alleged in the application that he was adjudged bankrupt December 15, 1903, that he was aware that the law permitted him to file a petition for discharge within one year from the date of the order of adjudication, and that he deferred doing so until the latter part of the year. To excuse his· failure to seasonably file his petition for discharge, he alleges that his family became seriously ill during the latter part of the year within which the petition could be filed, and so remained until after December 15, 1904.

Section 14 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], provides as follows:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

No reason is assigned by the bankrupt for failing to seasonably file a petition for discharge, except that "he deferred doing so until the latter part of the year," when sickness in his family prevented him from filing the same. To authorize a petition for discharge to be filed after the expiration of a year from the date of the order of adjudication of bankruptcy, it must be made to appear that the bankrupt was unavoidably prevented from filing it within the one-year period. It is discretionary with the judge to grant the application, but the discretion to be exercised in determining the question is a judicial one, and not a discretion of an arbitrary nature. If it appear, using the language of the act of Congress, that the bankrupt was "unavoidably prevented" from filing his application in due time, he should be permitted to file it within the additional six months allowed by law. But where it is apparent that he could have timely filed it, but failed to do so for reasons wholly inadequate, the application should be denied. In the present case it is evident that the bankrupt could have filed a petition for discharge prior to the time that sickness appeared in his family, and no reason is alleged, nor is one perceived, why it could not have been filed while the family were ill. It does appear from his application that the bankrupt resided in the city of Hillsboro. That being true, his attorneys were easily accessible, and there is naught in the record to show that sickness or other cause prevented them from preparing a petition for his signature and verification during the twelve-months period.

The court, not being satisfied that the bankrupt was unavoidably prevented from filing his petition for discharge in due season, is of the opinion that the application should be denied, and it is so ordered.