## In re WAGNER.

### (District Court, D. Nevada. July 1, 1905.)

### No. 22.

BANKRUPTCY—DISCHARGE—APPLICATION—TIME.

Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], provides that any person, after the expiration of 1 month and within the next 12 months subsequent to being adjudged a bankrupt, may file an application for a discharge, and, if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within, but not after, the expiration of the next 6 months. *Held*, that a court of bankruptcy had no jurisdiction to act on a petition for a discharge not filed until after 18 months from the date of the adjudication.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 694.]

Petition for Discharge.

Alfred Chartz, for petitioner.

Summerfield & Roberts, for opposing creditors.

HAWLEY, District Judge (orally). It appears from the record herein that the petition of creditors was filed September 22, 1902, and petitioner Wagner was adjudicated a bankrupt on October 21, 1902, and on the same day the case was referred to a referee. The creditors on April 21, 1904, objected to the allowance of certain claims in favor of P. A. Wagner and the estate of William Sadler, and petitioned for a re-examination of said claims. The referee filed an opinion allowing said claims, and certified his rulings thereon to the district judge, who sustained the rulings of the referee. On such hearing it was shown that petitioner Wagner had, after he was adjudged a bankrupt, collected certain moneys due him, and had not accounted for the same to the estate. The court informed him that he would not be entitled to a discharge unless said moneys were turned over by him to the estate for the benefit of the creditors. It appears that after said date he paid said moneys. On April 24, 1905, he regularly petitioned this court for his discharge, and gave notice to creditors, in pursuance of the provisions of the bankruptcy act. At the time set for the hearing thereof, certain creditors of the bankrupt, being persons interested in the estate of petitioner, appeared and opposed his discharge, and filed the following specification, viz.:

"That said E. A. Wagner, bankrupt, filed his application for a discharge from his debts more than eighteen months subsequent to the adjudication of bankruptcy, and not within the time provided by section 14 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427])."

This presents the single question, was the petition for discharge filed in time to give the court jurisdiction to consider it? It will be observed that petitioner was adjudged a bankrupt on October 21, 1902. His petition for discharge was not filed until April 24, 1905—a period of more than two years and six months. No application

was ever made for the court to extend the time for petitioner to make an application for his discharge.

Section 14 of the bankruptcy act provides:

"(a) Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

This language is clear, positive, and direct.

It is impossible to distinguish this case in its legal aspects from In re Fahy (D. C.) 116 Fed. 239; and, as my views coincide with those expressed by Judge Shiras, I content myself with a quotation from his opinion as to the true meaning of section 14 of the bankruptcy act:

"Section 14 of the act provides that within 12 months subsequent to the adjudication the petition for discharge may be filed, and, if unavoidably prevented from filing the same within that period, the judge may permit it to be filed within, but not after the expiration of, the next six months. In express terms the discretion of the judge is limited to the six months following the expiration of the year beginning with the date of the adjudication, and, as I construe the statute, this is a limitation on the jurisdiction of the judge over the matter of discharge. The power and right to grant a discharge effectual to bar the enforcement of debts is conferred by the statute, and is governed by the limitations found in the statute; and therefore, unless it is petitioned for within the time limit fixed by section 14 of the act, the court of bankruptcy is without the power and jurisdiction to grant a discharge."

See, also, In re Wolff (D. C.) 100 Fed. 430; Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477; In re Knauer (D. C.) 133 Fed. 805; In re Anderson (D. C.) 134 Fed. 319; In re Lewin (D. C.) 135 Fed. 252.

Petitioner has offered no excuse for the delay in making his application for discharge. He was not compelled to wait until the bankruptcy proceedings were completed before making his application. Petitioner has failed to show that he was unavoidably prevented from filing his application within the time mentioned in section 14. If he had surrendered all of his property, he could have petitioned for his discharge within the time provided by the act, and his creditors could not have prevented his discharge, unless they could prove that he had been guilty of some of the acts which deprived him of the right to his discharge, and the burden of proof in that regard would have been upon the opposing creditors to show that he was not entitled to his discharge. In re Fitchard (D. C.) 103 Fed. 742, 744; In re Chamberlain (D. C.) 125 Fed. 629; Loveland on Bankruptcy (2d Ed.) 753; Collier on Bankruptcy (5th Ed.) 174. But the present objection is made to the jurisdiction of this court, and is well taken. This court is powerless to extend any clemency through the inadvertence or neglect of petitioner in not applying for his discharge within the proper time and in the proper way.

The petition for discharge is denied on the ground that the court is without jurisdiction to consider it, and it is ordered that such action be without prejudice to the commencement of new proceedings in bankruptcy upon the part of the petitioner if he so desires.