---

### In re DALY et al.

(District Court, W. D. Washington, S. D. June 14, 1913.)

#### No. 881.

BANKRUPTCY (§ 411*)—DISCHARGE—APPLICATION—FILING—TIME.

Bankr. Act July 1, 1898, c. 541, § 14a, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), provides that any person, after one month and within the next twelve months after adjudication as a bankrupt, may apply for a discharge, and, if it is made to appear that the bankrupt was unavoidably prevented from applying within such time, he may apply within, but not after, the expiration of the next six months. *Held* that, where a bankrupt resided 12 miles from where the bankruptcy proceedings were pending and was informed by his attorney before the expiration of the year that he must file his application for a discharge within that time, an affidavit in support of an application filed after the year had expired, alleging that he fully intended to go to the place where the proceedings were pending and file his application within the period, but found his business at the place where he was employed in such condition that he could not leave, and that it was nearly 30 days before he was able to do so, was insufficient to authorize an extension, or the granting of a discharge filed after the time had expired.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 692–708; Dec. Dig. § 411.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Charles Daly and Albert B. Rector, partners doing business as Rector & Daly, and individually. Application by the bankrupt Daly for a discharge. Denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On February 8, 1911, a petition for involuntary bankruptcy was filed herein with the clerk of this court. On October 24, 1911, after confession of bankruptcy by answer, the above-named parties were adjudged bankrupt. On February 17, 1913, more than one year after the adjudication, the application for discharge was filed herein by the above-named Chas. Daly, bankrupt. The trustee moves to strike from the files the bankrupt's application for discharge, on the ground that he did not make a sufficient showing therein to entitle him to file the same after 12 months from the adjudication of his bankruptcy, and upon the further ground that the allegations made in such showing were untrue. Affidavits have been filed for and against the motion and the application.

From the affidavits it appears that, at the time of being adjudged a bankrupt, Chas. Daly was in business in Vancouver, Wash., and after the adjudication he took up his residence at Portland, Or., some 12 miles away. The bankrupt's attorney resided at Vancouver. There is, and was, an electric car line between the towns of Portland and Vancouver. In order to support himself and family, the bankrupt secured work about 100 miles south of Portland with a lumber company. He was in good health throughout the year following the adjudication. He attended three meetings of the creditors in Vancouver during the early part of that year. It is not disclosed whether they were during the first month of the year or after. He passed through Vancouver upon two other occasions, and was there some 10 days before the expiration of the year. Upon this last occasion the bankrupt was informed by his attorney that it would be necessary to file the application for discharge within a year after the adjudication. Until so informed the bankrupt was ignorant of such requirement. When so informed he was going to catch a ferryboat on his way to Portland and back to his work south of Portland.

The bankrupt's affidavit states as follows: "I firmly at that time intended to arrange to go to Vancouver within the year; but I found the business at the place where I was working in such a condition when I arrived there that it was impossible to leave it, and I was unavoidably kept there for 20 days steadily, and it was nearly 30 days before I again got in condition where I could see that my affairs might be arranged so I could leave them for a short time, and as soon as they were in that condition I came to Vancouver, Wash., and made the application for a discharge."

The bankrupt could easily have informed his attorney where he was, and it will be presumed that he did so.

The trustee cites the following and the bankrupt relies upon the same authorities: Collier on Bankruptcy (8th Ed.) pp. 258, 259; In re Haynes & Sons (D. C.) 122 Fed. 560; In re Wolff (D. C.) 100 Fed. 430; In re Lewin (D. C.) 135 Fed. 252; Bankruptcy Act July 1, 1898; 6 Cent. Dig. Bankruptcy, 69.

H. L. Parcel, of Vancouver, Wash., for trustee.

James P. Stapleton, of Vancouver, Wash., for bankrupt.

CUSHMAN, District Judge (after stating the facts as above). Section 14a of the bankruptcy statutes provides:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

Indulgent as the law is to the broken in fortune, the showing made by the bankrupt falls far short of making it clearly appear "that the bankrupt was unavoidably prevented from filing" his application within the year. Ordinary diligence or attention on his part would have avoided the event.

The motion to strike is granted.