### In re WALTERS.

(District Court, D. Montana. November 21, 1913.)

No. 857.

BANKRUPTCY (§ 410*) — DISCHARGE — APPLICATION — TIME — "NEXT TWELVE MONTHS."

 Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), provides that any person, after the expiration of one month and within "the next twelve months" subsequent to being adjudged a bankrupt, may file an application for a discharge, which application may also be filed within, but not after the expiration of, the next six months. *Held*, that the section creates three limitations of time, all subsequent to adjudication, the first one month thereafter, the second "the next twelve months" after the first, and the third the next six months after the second, so that the "next twelve months" begin to run, not from the date of the adjudication, but from the expiration of one month thereafter.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.*]

In Bankruptcy. In the matter of the bankruptcy proceedings of Otto E. Walters. Application of the bankrupt for discharge. Granted.

Homer G. Murphy, of Helena, Mont., for bankrupt.

BOURQUIN, District Judge. Adjudication herein was on September 18, 1912. Application for discharge was filed October 6, 1913. Affidavits, claimed to make it appear applicant was unavoidably prevented from filing said application within twelve months subsequent to adjudication, were also filed. Informal objections have been made. Whether or not unavoidable prevention is made out, the court is of the opinion the application is in time. Section 14, Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), provides that:

 "Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge," and "it may be filed within but not after the expiration of the next six months."

It would seem the legislative intent was to measure "the next twelve months," not from adjudication, but from the point of time "after the expiration of one month" subsequent to adjudication. Otherwise the words "the next" are superfluous, and serve only to create ambiguity. The section should be read either with a comma after "the next twelve

months," or as though it were arranged, "any person may after the expiration of one month subsequent to being adjudged a bankrupt and within the next twelve months file an application for discharge." The section creates three limitations of time, all subsequent to adjudication; the first one month thereafter, the second the next twelve months after the first, and the third the next six months after the second. The time for filing such application is first made unlimited after the expiration of one month subsequent to adjudication. Then Congress proceeded to attach a limitation, to qualify the unlimited time by the phrase "and within the next twelve months." The time so qualified is not that commencing to run from adjudication, but that commencing to run after the expiration of one month subsequent to adjudication. The latter and not the former is the antecedent of the qualifying words "within the next twelve months." If the intent was that the twelve months are to be measured from adjudication, even as the one month is, there was no more necessity to add the words "the next" to the former than there was to add them to the latter. Absent from the latter, their addition to the former indicates a different intent, meaning, and point of departure in computation of time.

In the Bankruptcy Act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517) the twelve months within which application for discharge could be filed were clearly computed from adjudication, but the words "the next" were not found necessary nor inserted to indicate this. It will be noted that nowhere else in the present Bankruptcy Act are the words "the next" inserted in admeasurement of time. These changes and differences of phraseology are not to be overlooked. They are to some extent indicative of different intent. If the time when an act may first be done is fixed a certain number of months after an event, and the duration of time within which the act may be done is limited to *the next* certain number of months, the latter run from the point of time when the act first may be done and not from the event.

The bankrupt has twelve months within which to file his application for discharge as of right and course, commencing after the expiration of one month subsequent to adjudication. The application herein will be set for hearing.