## In re LOUGHRAN.

### (District Court, M. D. Pennsylvania. June, 1914.)

BANKRUPTCY (§ 410*)—DISCHARGE—FAILURE TO APPLY FOR—NEW PROCEEDINGS.

Application of bankrupt for discharge not having been filed within the 18 months after the adjudication expressly limited therefor by Bankr. Act July 1, 1898, c. 541, § 14a, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), he may not, having filed a subsequent petition in bankruptcy scheduling no new assets, thereunder have a discharge, against objection.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 604; Dec. Dig. § 410.*]

In Bankruptcy. In the matter of John Loughran, bankrupt. Objection to his discharge was sustained by the referee, and he brings the cause here for review. Affirmed, and discharge denied.

R. W. Archbald, P. F. Loughran, and F. M. Monagham, all of Scranton, Pa., for bankrupt.

Richard L. Bigelow, of Hazelton, Pa., for objectors.

WITMER, District Judge. John Loughran filed a voluntary petition in bankruptcy on February 20, 1911, and on the same day was adjudicated a bankrupt. After the usual proceedings, on November 11, 1912, he petitioned for permission to apply for a discharge. Objection was made that over 18 months had elapsed since the adjudication and on February 21, 1913, on motion of the bankrupt's attorney this petition, by leave of court, was withdrawn; the purpose of the

withdrawal being, as stated by the attorney in a letter to the referee, "to begin bankrupt's petition anew, being convinced that after 18 months have expired the court would have no power to entertain the present leave to file."

Without this specific declaration of the bankrupt's attorney the purpose of the filing of the second petition in bankruptcy, on February 24, 1913, is very obvious. In the schedules of the petition are listed the same creditors for the same indebtedness as contained in the bankrupt's schedules filed February 20, 1911, and no assets. After due proceeding, on April 5, 1913, the bankrupt again petitioned for a discharge. Objections were again made by the same creditors, the ground taken being that, having failed to secure a discharge in the first proceedings, the bankrupt was barred of a discharge as to creditors existing and scheduled at that time. The referee, to whom the matter was referred, sustained the objection, and the bankrupt brings it here for review.

The facts here are not disputed. That the second proceedings were instituted to secure the bankrupt's discharge from his indebtedness involved in the former proceedings is beyond doubt. Now, putting it squarely, will the bankrupt, through the law, be permitted to accomplish by indirection that which the provisions of the Bankruptcy Act specifically say he may not do in the ordinary course of its administration. It is provided in section 14a that:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

The bankrupt may file his application for a discharge within the year following his adjudication and for good reason made to appear to the court such time may be extended six months, but not longer. This is language easily understood and all that remains necessary to notice is of what it is intended the bankrupt may be discharged on his application to be made as provided. Section 17a says:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts," with certain exceptions.

To procure such discharge from his provable debts existing at his first adjudication, it was even too late to make application when filing his second petition in bankruptcy, and, though a new or another petition in bankruptcy was filed, it did not change this status. The application now under consideration is nevertheless for a discharge of an indebtedness for which an application should have been presented long before. Having failed to make such application in time, his right to such a discharge is foreclosed. It is only within the time provided by the act following the adjudication that the bankrupt may be relieved from his then existing debts. His neglect to apply for a discharge within the given time is equivalent to a denial of this right, and is in effect a judgment against him by default. To hold otherwise, and permitting the course here attempted, would put it within

the reach of every bankrupt to set aside the provision of the law relative to the time during which an application for a discharge may be filed. That the conclusion reached has been entertained by the bankruptcy court generally appears from a long line of cases collected in Bacon v. Buffalo Cold Storage Co. (C. C. A., 5th Cir.) 27 Am. Bankr. Rep. 736, 193 Fed. 34, 113 C. C. A. 358.

The findings and conclusions of the special master are affirmed, and a discharge of the bankrupt is denied.