### In re TAUNTON.

(District Court, E. D. New York. September 24, 1914.)

BANKRUPTCY (§ 410*)—DISCHARGE—TIME FOR FILING APPLICATION.

 A court of bankruptcy cannot, on a nunc pro tunc order, extend the statutory period for filing an application for discharge.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.*]

In Bankruptcy. In the matter of Charles Taunton, bankrupt. On motion. Denied.

Arthur J. Westermayr, of New York City, for bankrupt.
Bruce R. Duncan, of Brooklyn, N. Y., for trustee.

CHATFIELD, District Judge. The action in equity resulted in a decree which, so long as it stands, makes res adjudicata the question as to whether the bankrupt has done an act which would prevent his discharge. He could, therefore, not obtain a discharge, even if application had been made, but must actually pay the debts in order to wipe them out.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

No application was ever made in the bankruptcy proceedings for a discharge within 18 months, and the court cannot, by a nunc pro tunc order, extend the statutory period, even though in the equity case the time within which to apply for discharge was considered. But, as it would be futile, no reason exists for any attempt to evade the statute.

Motion denied.