---

In re DALY.

(District Court, N. D. New York. July 15, 1915.)

1. BANKRUPTCY ⇐═410—DISCHARGE—APPLICATION FOR DISCHARGE—TIME FOR FILING.

    Bankr. Act July 1, 1898, c. 541, § 14a, 30 Stat. 550 (Comp. St. 1913, § 9598), provides that any person may, after the expiration of one month and within the next 12 months subsequent to being adjudged a bankrupt, file an application for a discharge, and that if it shall appear to the judge that the bankrupt was unavoidably prevented from filing it within such

time, it may be filed within, but not after the expiration of, the next 6 months. More than 13 months after an adjudication on December 9, 1913, the bankrupt presented for filing an application for a discharge; but it was not permitted to be filed, because not accompanied by any showing that the bankrupt was unavoidably prevented from filing it within the statutory period. On July 13, 1915, there was received by the judge, by mail, in an envelope postmarked the preceding day, an application for an extension of time for the filing of the petition for a discharge; such application being verified June 30, 1915.· *Held* that, unless it could be shown that the failure to make such application before July 9th was due to the absence or fault of the clerk or judge, or to some fault on the part of the postmaster, or of some clerk in the office of the bankrupt's attorney, the court had no authority to grant the extension and allow the filing of the petition for a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. ☞410.]

**2. BANKRUPTCY ☞410—DISCHARGE—APPLICATION FOR DISCHARGE—TIME FOR FILING.**

Bankr. Act, § 14a, is susceptible of the construction that an application for a discharge may be filed within 12 months after the expiration of the first month succeeding the adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. ☞410.]

**3. BANKRUPTCY ☞410—DISCHARGE—APPLICATION FOR DISCHARGE—TIME FOR FILING.**

Where a delay in applying for an extension of time within which to file a petition for a discharge in bankruptcy is occasioned by the fault of some clerk or employé in the office of the attorney making the application, or by the fault of the postmaster or postmaster's employés, where the application is forwarded to the judge by mail, justice demands that a nunc pro tunc order be made allowing the filing of the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. ☞410.]

In Bankruptcy. In the matter of William L. Daly, bankrupt. On petition for leave to file an application for a discharge. Denied conditionally.

The above-named bankrupt presents a supplemental petition, verified June 30, 1915, and asks for an order permitting the filing of his petition for a discharge, verified January 30, 1915, and then presented to the court for filing. This supplemental petition, while verified June 30, 1915, was presented to the court July 13, 1915. The question is: Has the court power to grant the application and permit the petition for a discharge to be filed?

Thomas F. Powers, of Troy, N. Y., for petitioner.

RAY, District Judge. [1] The petition for a discharge shows and expressly states that the petitioner William L. Daly was adjudged a bankrupt under the acts of Congress on the 9th day of December, 1913, by this court. The petition was verified on the 30th day of January, 1915, or 1 year and 20 days after the adjudication in bankruptcy.

Attention was called to the fact that under the law, section 14a of the Bankruptcy Act, such an application must be filed "after the expiration of one month and within the next twelve months subsequent

to being adjudged a bankrupt," or that it must "be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time" in which case such application might be filed "*within, but not after, the expiration of the next six months."*

As more than one year had expired from the adjudication in bankruptcy at the time the petition for a discharge was presented, it was impossible for the clerk to file same, or for the court to permit it to be filed, without a showing that the bankrupt had been unavoidably prevented from filing it within the 13 months succeeding the adjudication in bankruptcy. The petitioner has now waited from January 30, 1915, to June 30, 1915, 5 months, before making his petition excusing his delay in not filing his petition for a discharge within the year.

As the adjudication was made December 9, 1913, one year from that date expired on the 9th day of December, 1914, and 13 months expired on the 9th day of January, 1915; and if we count from the expiration of 13 months after the adjudication, the time in which to obtain an extension of time for filing expired on the 9th day of July, 1915. If we are to count a year, and then 6 months after that time, or 18 months from the date of adjudication, the time within which the court might have granted an order allowing the application for a discharge to be filed expired on the 9th day of June, 1915. In either event this application comes too late, and the court is without power or jurisdiction to make the order.

The language of section 14a is explicit, and says:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

This statute expressly forbids the court or judge to make an order after the expiration of 18 months from the date of the adjudication extending the time within which the application for a discharge may be filed. The judge has no discretion in the matter; neither has the clerk of the court.

[2] The language, however, is susceptible of a construction that the application for a discharge may be filed within 12 months after the expiration of the first month succeeding the adjudication. If that is the proper construction, then the 12 months referred to in the statute expired on the 9th day of January, 1915, and counting the 6 months from that date would bring us to the 9th day of July, 1915. This petition asking for an extension of time was verified June 30th, 13 days before it reached the judge on the 13th of July. It was sent by mail to the judge at Utica, and forwarded to him at Norwich, his residence July 13, 1915. The envelope containing it was postmarked at Troy July 12, 1915, 12 days after the petition was verified.

If the delay in receiving this petition was due to the absence of the court or judge from either his office, or the place where he was holding court, or the place to which same was addressed, the judge would readily excuse the delay and hold the presentation in time. So, if

the delay were shown to be due to any act of omission, or commission on the part of any officer of the court the judge would excuse the delay.

Unless it can be shown that there was some fault on the part of the postmaster at Troy, or some clerk in the office of Mr. Powers, the attorney for the bankrupt, at Troy, N. Y., which delayed the forwarding of the petition, I am unable to see how jurisdiction exists to make an order permitting the filing of the petition. Leave is granted to Mr. Powers to show the reason, if any there be, why this application was not mailed at Troy prior to July 9, 1915. This may be done within 10 days. If no such excuse is presented, the application must be denied.

[3] It is doubtful if this power exists; but I think that fair treatment and the interests of justice demand that opportunity be given the bankrupt to excuse this delay, if it can be done. In Re Wolff (D. C.) 4 Am. Bankr. Rep. 74, 100 Fed. 430, it was held that a nunc pro tunc order may be granted, allowing the filing of an application for a discharge, where the delay in filing or presenting the application was caused by some act of the court or its officers. I think, if the delay is occasioned by the fault of a postmaster, or the postmaster's employés, where the application is forwarded by mail, or is occasioned by the fault of some clerk or employé in the office of the attorney making the application, justice demands that a nunc pro tunc order be made. It is not the purpose or policy of the law in such a matter as this to take advantage of errors, or mistakes, or misconstructions.

So ordered.