## In re SNELL.

### (District Court, N. D. New York. August 22, 1917.)

1. BANKRUPTCY ⊂⊃410—DISCHARGE—TIME FOR FILING APPLICATION.

   Under Bankr. Act July 1, 1898, c. 541, § 14, subd. "a," 30 Stat. 550 (Comp. St. 1916, § 9598), providing that "any person may, after the expiration of one month, and within the next twelve months, subsequent to being adjudged a bankrupt," file an application for discharge, such application must be filed within 12 months subsequent to the adjudication, and under the further provision of said section that when an extension of time has been granted the application "may be filed within but not after the expiration of the next six months" the court is without power to grant a discharge on an application filed more than eighteen months after the adjudication.

---

2. BANKRUPTCY ⊙═►410—DISCHARGE—EXTENSION OF TIME FOR FILING APPLI-
   CATION.
   The right of a bankrupt to apply for a discharge is in no way affected
   by the progress of the settlement of his estate, and the fact that no trus-
   tee was appointed within a year after adjudication does not entitle him to
   an extension of time for filing his application on the ground that he was
   "unavoidably prevented" from filing it within that time.

In Bankruptcy. In the matter of C. Edward Snell, bankrupt. On
application for extension of time to file application for discharge. De-
nied.

This is an application by the bankrupt for an order extending the
time in which to file his application for a discharge, more than 18
months from the date of adjudication having expired, but the appli-
cation for such extension being made within 19 months of the adju-
dication.

Harry J. Mosher, of New Berlin, N. Y., for petitioner.

RAY, District Judge. [1] The above-named bankrupt, C. Edward
Snell, was duly adjudged a bankrupt on the 12th day of January, 1916.
This application for an order extending the time in which a petition
for a discharge may be filed to August 12, 1917, or 19 months from
the date of adjudication, was presented August 6, 1917, or 18 months
and 25 days after adjudication. The petition is dated July 10, 1917,
but was verified by the bankrupt July 30, 1917, and presented to the
court 7 days later.

There is no claim that the neglect to file at an earlier day was
caused by any failure of the mails or neglect of any post office em-
ployé or any neglect of any officer of the court. Does the applica-
tion come too late? Bankruptcy Act, § 14, subd. "a," provides that:

"Any person may, after the expiration of one month and within the next
twelve months subsequent to being adjudged a bankrupt, file an application
for a discharge of bankruptcy in the court of bankruptcy in which the proceedings are pend-
ing; if it shall be made to appear to the judge that the bankrupt was unavoid-
ably prevented from filing it within such time, it may be filed within but not
after the expiration of the next six months."

The bankrupt contends that under this provision of the Bankruptcy
Act he could not file his application for a discharge until the expira-
tion of one month from his adjudication, and that he had 12 months
after the expiration of such one month, or 13 months from his ad-
judication, in which to file his application for a discharge, and that
in case he was unavoidably prevented from filing it, as he claims he
was, within such 13 months "(such time)," then the court may permit
such application for a discharge to be filed within the next 6 months,
that is, within 19 months from the adjudication. This construction
disregards the plain wording of the law, viz. "and within the next
twelve months subsequent to being adjudged a bankrupt, file an appli-
cation for a discharge," etc. He may not file his application within one
month of the adjudication, but may within the 12 months next subse-
quent to or following the adjudication, not the 12 months next fol-
lowing or subsequent to the expiration of the month following ad-

judication, and during which month he cannot file his application for a discharge. This is the construction placed on this subdivision of section 14 of the Bankruptcy Act by most of the text-books and nearly all the decisions on the subject. Collier on Bankruptcy (10th Ed.) 317, says:

"The application should be filed after one month and within 12 months subsequent to the adjudication."

Black on Bankruptcy says:

"As to the limitation of 12 months, this gives the bankrupt a year and a day from the date of adjudication, and no longer, unless the time is extended by the judge for cause shown as above stated."

He also says, citing several cases:

"And the limitation of the statute is imperative, and not merely directory. If the 12 months have expired without the filing of an application (saving in the case where the bankrupt was unavoidably prevented from acting in time), it is not within the discretion or authority of the court to entertain the application or to grant a discharge, but its jurisdiction and authority in this particular are at an end."

In 3 Remington on Bankruptcy, 2280, § 2423, the author says:

"The bankrupt may file his petition for a discharge at any time after the expiration of a month and before the expiration of a year from the adjudication of bankruptcy."

This author also says (volume 3, § 2427):

"The bankruptcy court has no jurisdiction to grant a discharge on a petition filed after the expiration of 18 months from the date of adjudication. A discharge granted on a petition for a discharge filed thereafter is null and void."

He cites In re Knauer, 13 Am. Bankr. R. 503 (D. C.) 133 Fed. 805; In re Wagner, 15 Am. Bankr. R. 101 (D. C.) 139 Fed. 87; In re Von Borries, 21 Am. Bankr. R. 849 (D. C.) 168 Fed. 718; In re Loughran, 32 Am. Bankr. R. 330 (D. C.) 215 Fed. 271; Bacon v. Buffalo Cold Storage Co., 27 Am. Bankr. R. 736, 193 Fed. 34, 113 C. C. A. 358; In re Richter, 27 Am. Bankr. R. 215 (D. C.) 190 Fed. 905. He also cites, contra, In re Walters (Otto E.), 31 Am. Bankr. R. 565 (D. C.) 209 Fed. 132.

Loveland on Bankruptcy, vol. 2 (4th Ed.) p. 1295, § 712, says, citing In re Knauer (D. C.) 133 Fed. 805, 13 Am. Bankr. R. 503, In re Lewin (D. C.) 135 Fed. 252, 14 Am. Bankr. R. 358, In re Anderson (D. C.) 134 Fed. 319, 14 Am. Bankr. R. 221, In re Fritz (D. C.) 173 Fed. 560, 23 Am. Bankr. R. 84, and In re Wolff (D. C.) 100 Fed. 430, 4 Am. Bankr. R. 74:

"A petition filed more than 12 months and less than 18 months after the adjudication will not be heard unless leave to file it has been granted by the court after hearing the reasons for delay ex parte and without notice to creditors, and this leave will not be granted by a nunc pro tunc entry more than 18 months after the adjudication."

The text-writers do not discuss the question on its merits, but simply state the decisions cited by them as the law. The statements

in these text-books are little more, if anything more, than a digest of the cases bearing on the subject.

If the true construction of the words "subsequent to being adjudged a bankrupt" in the law is that they were placed there solely to prevent the filing of a petition for a discharge before adjudication, which adjudication follows a voluntary petition as matter of course, then the words "within the next twelve months" would clearly refer to .the words "after the expiration of one month," and the true reading would be "any ·person, subsequent to being adjudged a bankrupt may, after the expiration of one month and within the next twelve months, file· an application," etc. As the section is written in. the statute it is, I think, quite clear that the Congress intended that the bankrupt should be debarred from filing ·his petition for a discharge for one month after his adjudication as a bankrupt, giving that time for his creditors to make inquiry and examine the bankrupt and witnesses prior to the filing of an application for a discharge. Then comes the fixing of the time, limitation of time, within which the application for discharge must be filed, and then the right to an extension of time by order of the court in case he (the bankrupt) is unavoidably prevented from filing his application within the 12 months next succeeding the adjudication.

[2] This has been the generally adopted and accepted construction of the statute. For some years I have steadily adhered to this construction and have repeatedly refused to depart therefrom, and have held that applications for a discharge not filed prior to the expiration of the 12 months succeeding the adjudication come too late, and that applications for an extension of time in which to file an application for a discharge must come to the court or judge within the 18 months succeeding adjudication, or be on their way in time to reach the court within such period and delayed in reaching the judge by the act or acts of some person or persons other than the bankrupt or his attorneys or agents or some unavoidable accident. Here the only excuse offered by the bankrupt for not filing his application in time is that the referee failed to notify him or his attorney of his decision as to the necessity of appointing a trustee, which appointment the referee finally decided·not to make. But delay by the court or referee in conducting the bankruptcy proceedings proper or in deciding questions relating.to the due administration of the estate arising therein affords no excuse for not filing the application for a discharge within the time fixed by statute. The decision or determination of such questions in no way affect the right of a bankrupt to file his application for a discharge. Says Loveland, vol. 2, p. 1296 (4th Ed.):

"It will be observed that the time within which an application [for a discharge] may be made is not dependent at all upon the progress made in the administration of the estate. Assets may or may not have come into the hands of the trustee. The estate may have been wholly or partly distributed. It is immaterial whether any dividend has been declared or not."

So it is wholly immaterial whether or not a trustee has been appointed. If the bankrupt has not been guilty of any of the acts or omissions barring a discharge, he is entitled to file his application for a discharge

and have it granted after the expiration of one month from his adjudication, no matter what the condition of the proceedings as to the administration of the estate may be.

The application for an extension of time in which to file the petition for a discharge must be denied on both grounds.

So ordered.