## In re WELDON.

(District Court, N. D. Iowa, Cedar Rapids Division. January 14, 1920. Supplemental Order, February 2, 1920.)

### No. 943.

1. BANKRUPTCY ⊜⟳410—TIME FOR FILING APPLICATION FOR DISCHARGE.

Under Bankruptcy Act, § 14a (Comp. St. § 9598), a court of bankruptcy is without jurisdiction to grant a discharge on an application therefor filed more than 18 months after adjudication, unless such time is extended because of bankrupt being in the military service, under Act March 8, 1918, § 205 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3078¼e).

### Supplemental Order.

2. BANKRUPTCY ⊜⟳410—TIME FOR FILING APPLICATION FOR DISCHARGE; EFFECT OF SOLDIERS' RELIEF ACT.

That bankrupt's attorney entered the military service and turned over the case to another attorney, who neglected to file application for discharge until more than 18 months after adjudication, *held* not to vest the court with jurisdiction to entertain it by virtue of Soldiers' and Sailors' Civil Relief Act March 8, 1918, c. 20, § 205 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3078¼e).

In Bankruptcy. In the matter of Patrick Weldon, bankrupt. On application for leave to file petition for discharge. Referred.

J. M. Dower, of Marengo, Iowa, for bankrupt.

REED, District Judge. The application by the bankrupt for leave to file a petition for discharge recites:

"That the bankrupt was adjudicated a bankrupt in this court on the 14th day of March, 1918; that within the last month he presented to the referee in bankruptcy an application for discharge, but the referee refused to file the same, because it was not presented within 12 months after the adjudication."

[1] This application is signed and sworn to by the attorney for the bankrupt on the 25th day of September, 1919, and is indorsed, "Filed September 27, 1919, by J. C. Stoddard." The original petition is signed by the bankrupt on August 21, 1919, and appears to have been verified by him before a notary public on that date. When it was filed with the clerk, if at all, does not appear, but appears to have been filed with the referee on the 7th day of October, 1919. If filed on the 25th or 27th day of September, 1919, both of these dates would be more than 18 months after March 14, 1918, the date of the adjudication. Twelve months after the adjudication would expire on March 14, 1919, and 6 months after that date would be September 14, 1919, and the earliest date the petition seems to have been presented to or filed with the deputy clerk, if at all, was September 25 or 27, 1919, which is more than 18 months after the adjudication.

Section 14a of the Bankruptcy Act reads in this way:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending;

⊜⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months." (Comp. St. § 9598.)

When must the bankrupt file his petition for a discharge to be entitled to the benefit of the Bankruptcy Act? This question was answered in Re Walters (D. C.) 209 Fed. 133, as follows:

"After the expiration of one month and within the next 12 months" after the adjudication, and if prevented for unavoidable reasons from so doing within said 12 months, then within the next 6 months thereafter, thus making the 12 months period begin, "not from the date of the adjudication, but from the expiration of one month thereafter."

If this is correct, then the bankrupt for unavoidable reasons may file his application within 1 month after the expiration of 18 months from the date of the adjudication, or within 19 months thereafter. In that case the adjudication was on September 18, 1912, the application for discharge was filed on October 6, 1913, more than 1 year after the adjudication, but within 1 month thereafter. There was a showing of unavoidable delay in filing the petition, but without determining whether or not that showing was sufficient the court allowed the application to stand and set the same for hearing, thus allowing the petition for discharge to be filed after the expiration of 12 months from the date of the adjudication without a showing of unavoidable reasons for not filing it within the 12 months. The decision holds, correctly as we think, that the application may be filed as of right only after the expiration of one month, and within the next 12 months subsequent to the adjudication, but holds that such 12 months period dates not from the adjudication, but from the expiration of 1 month thereafter. That the 12 months period dates from the adjudication is clear, I think, from the language of the act, which reads:

"If it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing" the petition "within such time [obviously the twelve months period], then it may be filed within, but not after the expiration of, the next 6 months"—meaning obviously within 18 months after the adjudication, and not one month.

In Re Fahy, 116 Fed. 239, Judge Shiras, of this district, held that after the expiration of 18 months from the date of the adjudication the court is without jurisdiction to entertain a petition for the bankrupt's discharge. This view is followed in Re Wagner, 139 Fed. 87, by Judge Hawley in the district of Nevada, wherein he cites In re Wolff (D. C.) 100 Fed. 430; In re Knauer (D. C.) 133 Fed. 805; In re Anderson (D. C.) 134 Fed. 319; In re Lewin (D. C.) 135 Fed. 252; Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477. See, also, In re Daly (D. C.) 205 Fed. 1002, and In re Daly (D. C.) 224 Fed. 263, all of which hold to the same view. Kuntz v. Young, above, was decided by the Court of Appeals of this circuit.

The application for leave to file petition for discharge recites:

"Your petitioner, Patrick Weldon, respectfully states that he was adjudicated a bankrupt in this court on the 14th day of March, 1918; that within the last month he presented to the referee application for his discharge, but

that said referee refused to file the same, for the reason that the same was not presented within the 12 months period; that one James P. Gaffney, of Williamsburg, Iowa, was applicant's original attorney in said bankruptcy proceedings, and that he afterwards entered the military service, and upon his entering into the service he gave Attorney J. M. Dower general instructions to look after said proceedings in behalf of said bankrupt; that the statutory period for filing said petition for discharge was overlooked by petitioner and Attorney Dower, and that the failure to file said petition within the statutory time is due to that, and to no ulterior reason; and that petitioner would have filed the application within the statutory time, had his attention been called to it, and that his failure to file the same is due to the fact that Attorney Dower did not call his attention to said time limit. Wherefore petitioner respectfully asks that an order be granted, directing the referee to file said petition, and for such other orders as may be proper in the premises. [Signed] Patrick Weldon, Applicant, by J. M. Dower, His Attorney."

This is signed and sworn to by J. M. Dower on the 25th day of September, 1919, before a notary public.

This may be an attempt to allege that the bankrupt was in the military service of the United States during the 12 months period for filing a petition for discharge; but the allegation is so indefinite that it is uncertain whether it alleges that the bankrupt or his attorney was in the military service, and the reason for the failure to file the application within the time required by the Bankruptcy Act.

By the act of Congress approved March 8, 1918, known as the Soldiers' and Sailors' Civil Relief Act (chapter 20, § 100 et seq. 40 Stat. pp. 440, 449 [Comp. St. 1918, Comp. St. Ann. St. Supp. 1919, § 3078¼a et seq.]), it is provided that in any court of the United States, or of any state or territory therein, in which is brought or pending any suit against a person in the military service of the United States as specified in said act, to establish a civil liability or to recover a judgment or order of any kind against such person in the military service of the United States, may in the discretion of the court, either upon its own motion, or upon the application of such person, or in his behalf, be temporarily suspended or otherwise stayed or disposed of during the pendency of the present war or until such time as it may determine.

In his certificate in this case the referee states that on the 24th day of November, 1919, the time fixed for the appearance of creditors to object to the application for leave to file said petition, came on for hearing, and there was no appearance against the same; and it further appearing from the application asking leave to file the petition that the reasons or cause of delay in filing the same within the time fixed by the bankruptcy laws was owing largely to the absence of the bankrupt or his attorney serving in the United States army; and it appearing that none of the creditors having availed themselves or himself of the right to appear and object to the allowance of the petition for discharge, the referee finds that the reason for failure to file the petition for discharge is sufficient, and that the nonappearance of the creditors to object to the discharge places them in default. He therefore recommends that the bankrupt be allowed to file the petition for discharge, notwithstanding the expiration of the time within which it is required to be filed under the Bankruptcy Act, and recommends that the petition for discharge be allowed and the discharge granted.

The referee does not set out the testimony, if any was taken by him, and reports his conclusion only. There is nothing, therefore, upon which the conclusion can be reviewed or set aside. The reference to the referee could rightly be only to take the testimony and find the facts as a special master, for the judge only can determine whether or not the bankrupt is entitled to a discharge; and inasmuch as under the terms of the Soldiers' and Sailors' Civil Relief Act the court may suspend or delay the final order in the matter, the order will be that the application for leave to file the petition for discharge be suspended or stayed, and the matter referred back to the referee to permit the bankrupt to show, if he can do so by competent testimony, that he was unavoidably delayed from filing his petition for discharge within the 12 months period after the adjudication because of being in the military service of the United States within the 12 months period after the adjudication in bankruptcy, and the matter suspended until such question can be determined, and the application for discharge thus delayed beyond the 12 and 18 months period; and it is accordingly so ordered.

## Supplemental Order.

[2] As ordered in the memorandum filed in this proceeding on January 14, 1920, the matter was referred back to the referee, as special master, to hear the application of the bankrupt for leave to file a petition for discharge after the expiration of more than 18 months from the date of the adjudication in bankruptcy. The referee, as special master, has taken the evidence in support of the bankrupt's application for leave to file the petition for discharge, has found the facts and reported the same, with his conclusion that leave shall be granted the bankrupt to file the application, and that a hearing should be had upon the bankrupt's petition for discharge.

The facts as found by the special master are: That the bankrupt did not file the petition for discharge until more than 18 months after the adjudication in bankruptcy, and without showing any grounds therefor other than that he did not know that the petition for discharge was required by the Bankruptcy Act to be filed within one year after the adjudication, and not later than 18 months thereafter, without showing that he was unavoidably prevented from filing the petition within 12 months, and not later than 18 months after the adjudication. The adjudication in bankruptcy, as shown by the bankrupt's petition for discharge, was on March 14, 1918. Some time in July, 1918, the bankrupt's original attorney in the proceedings enlisted or was drafted in the military service of the United States, and then turned over the matter pertaining to said bankruptcy to Mr. J. M. Dower, another attorney, for further attention to the matter, who the proofs show had forgotten, or for some other reason overlooked, the fact that a petition for discharge must be filed in the bankruptcy court within 12 months after the adjudication, and not later than 18 months thereafter. It is needless to say that the fact that the bankrupt did not know that the petition for discharge must be filed within the 12 months, and not later than 18 months after the adjudication, is no ground for permitting the petition

for discharge to be filed more than 18 months after the adjudication, and the court is without jurisdiction to entertain such petition after the expiration of 18 months after the adjudication. In re Fahy (D. C.) 116 Fed. 239.

The facts as found by the special master show without any dispute that the bankrupt was never in the military service of the United States; that it was his original attorney who entered that service, and the bankruptcy proceedings were turned over by him to Mr. Dower, who presented to the court the application of the bankrupt for leave to file such petition more than 18 months after·the adjudication. If the bankrupt himself had entered the military service of the United States during the 12 months period after his adjudication, or after 18 months even, there might be some reason for saying that the act of Congress approved March 8, 1918, known as the "Soldiers' and Sailors' Civil Relief Act," might be ground for relieving the bankrupt from his failure to file the application within the statutory time; but, without determining whether or not it would be ground for so relieving him, his failure to file the petition for more than 18 months after the adjudication is conclusive against his right to a discharge in this proceeding. It follows that the application for leave to file the petition for discharge must be denied, and the discharge also denied.

It is ordered accordingly.