## In re REINGOLD.

(District Court, W. D. Pennsylvania. June, 1924.)

### No. 9923.

Bankruptcy ⬤⟿410—Court without power to grant discharge on petition filed more than 18 months after adjudication, unless delay excusable.

Under Bankruptcy Act, § 14a (Comp. St. § 9598), the court is without power or jurisdiction to grant a discharge on a petition filed more than 18 months after adjudication, unless the delay was caused by some act of the court or its officers.

In Bankruptcy. In the matter of Samuel Reingold, trading as the Puritan Confectionery, bankrupt. On petition for leave to file application for discharge after 18 months. Denied.

Maurice Chaitkin, of Pittsburgh, Pa., for bankrupt.

Max J. Spann, of Pittsburgh, Pa., for trustee.

Jacob Levin, of Pittsburgh, Pa., for petitioning creditors.

SCHOONMAKER, District Judge. Samuel Reingold, trading as Puritan Confectionery, was adjudged a bankrupt on the 14th day of September, 1921. On or about November 20, 1921, he presented to the United States District Court for the Western District of Pennsylvania a petition for discharge, which petition bears date the 31st day of October, 1921. This petition was returned to his attorney of record by letter dated November 21, 1921, with a statement of costs necessary to be paid in connection therewith, $7.95. Thereafter

nothing further was done in this case until the presentation of a petition on or about the 20th day of May, 1924, wherein the petitioner avers that on or about the 20th day of November, 1921, he filed his petition with the clerk of this court, and states that the petition was returned to the bankrupt's attorney of record, together with a statement showing the amount of costs which had to be paid to the said clerk; that by reason of straitened financial circumstances, the bankrupt did not have the money to pay the costs set out in the statement, nor to meet the other expenses incident to his discharge: and that because of his failure to pay the said costs, the clerk refused to file the said petition for discharge among the records of this case. The petition further states that the bankrupt is now in a financial position to meet the expenses of discharge and that the delay in prosecuting the matter was caused solely by his financial circumstances.

Applications for discharge by bankrupts must, under the law, be filed after one month from the date of adjudication in bankruptcy and within the next twelve months thereafter, with the provision that the court may, on cause shown, extend the period for not exceeding six months. It would appear that by the express terms of the law, the discretion of the judge to extend the time for filing the application for discharge is limited to six months after the year beginning with the date of adjudication. After the expiration of the year and six months, it would appear that the court is entirely without jurisdiction to grant the discharge. The power and the right to grant a discharge effectual to bar the enforcement of debts is conferred by act of Congress and is governed by the limitations found in the act. Therefore, unless the proper petition is filed within the time fixed by the act, the court is without power and jurisdiction to grant a discharge. In a number of cases, it has been held that the court is without jurisdiction after the expiration of the time limit. In re Fahy (D. C. Iowa) 116 F. 239, 8 Am. Bankr. Rep. 354; Matter of Taunton (D. C. N. Y.) 216 F. 987, 33 Am. Bankr. Rep. 308; Matter of Loughran (D. C. Pa.) 215 F. 271, 32 Am. Bankr. Rep. 330. It has been held in Matter of Daly (D. C. N. Y.) 224 F. 263, 35 Am. Bankr. Rep. 219, that a nunc pro tunc order may not be granted after the expiration of eighteen months from the date of adjudication, except where the delay was caused by some act of the court or its officials.

In the instant case, there is no allegation that the delay in prosecuting the discharge

3 F.(2d)—6

is due to any default on the part of the court or any of its officials; but it is alleged that the delay in prosecuting the matter was caused solely by reason of the financial situation of the bankrupt. Under the circumstances, we are of the opinion that the court is without authority to grant the order directing the filing of the petition nunc pro tunc as of the 20th day of November, 1921, and that the petition for leave to have the paper so marked and continue with the proceedings for discharge of this bankrupt must be denied.