## In re PARK.

(District Court, N. D. Mississippi, Delta Division. October 31, 1925.)

No. 676.

1. **Bankruptcy ☞410—Motion to vacate order granting leave to apply for discharge on ground that application came too late is proper practice.**

Motion to vacate order granting leave to apply for discharge on ground that it is too late, is proper practice, rather than objection to discharge on ground that application came too late.

2. **Bankruptcy ☞410—Application for discharge must be made within 12 months following adjudication; "next;" "subsequent."**

Under Bankruptcy Act, § 14a (Comp. St. § 9598), providing, "Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge, * * *" application for discharge must be made within 12 months after adjudication; "next" meaning nearest, immediately following, and "subsequent" meaning at a later time or afterwards, or at any time afterwards.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Next; Subsequent.]

3. **Statutes ☞188—Language of statute must be given its usual and common signification.**

Language of statute must be given its usual and common signification without effort, or straining to wrest its meaning from that which would ordinarily be given it by careful reader.

4. **Bankruptcy ☞404(2)—Denial of petition for discharge because made too late cannot be without prejudice to commencement of new proceedings.**

Denial of petition for discharge on ground that it was made too late cannot be without prejudice to bankrupt's right to commence new proceedings, since failure to apply in due time for discharge renders question of bankrupt's right to discharge from debts involved res judicata in subsequent proceeding.

In bankruptcy. On application of V. W. Park, bankrupt, for discharge, and on motion to vacate order granting leave to apply for discharge. Motion to vacate sustained, and application for discharge dismissed.

Clark, Roberts & Hallam, of Cleveland, Miss., for bankrupt.

Shands, Elmore & Causey, of Cleveland, Miss., for Planters' Lumber Co.

HOLMES, District Judge. More than 18, but less than 19, months from the date of his adjudication, the bankrupt, V. W. Park, applied to the judge for, and was granted, leave to file an application for a discharge. The said application being filed pursuant to said leave, notice of a hearing thereon was given to creditors as required by law.

[1] Thereupon the Planters' Lumber Company, a corporation, one of the creditors objecting to the discharge, filed this motion to set aside and vacate the said order granting leave to apply for said discharge and to dismiss the petition, on the ground that, after the expiration of 18 months from the date of adjudication, the court was without power to permit an application for discharge to be filed. A motion to vacate is the proper practice, rather than to object to the discharge on the ground that the application came too late. In re Haynes & Sons (D. C.) 122 F. 560, 10 Am. Bankr. Rep. 13.

[2] The motion involves the construction of section 14a of the Bankruptcy Act (Comp. St. § 9598), which is as follows:

"Section 14. *Discharges, When Granted.* —a. Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

The movant claims that the bankrupt has only 11 months (12 months less the first month after adjudication) within which to file an application for a discharge. There are three decisions supporting this view, as follows: In re Knauer (D. C.) 133 F. 805; In re Holmes (D. C.) 165 F. 225; In re Snell (D. C.) 244 F. 613.

The contention of the bankrupt is that Congress intended to grant a period of 12 months after the expiration of the first month subsequent to adjudication, and that it is the duty of the court to construe the statute according to its spirit and meaning, even though against the letter and grammatical construction of the act. There are two decisions so holding, namely: In re Walters (D. C.) 209 F. 133; In re Jacobs (C. C. A. 6th Circuit) 241 F. 620, 154 C. C. A. 378.

The argument is that the intention of Congress may be arrived at by inserting a comma between the words "months" and "subsequent," and then interpreting the section as if it read: "Any person may, after the expiration of one month subsequent to being adjudged a bankrupt, and within the next twelve months, file an application for a discharge in the court of bankruptcy in which the proceedings are pending."

Authorities are cited where courts have

inserted punctuations and transposed phrases, in order to carry out the manifest intention of the legislative body. No quarrel can be had with the argument, where such intention is manifest and clearly so appears from the context. But here it is petitio principii, pure and simple.

[3] There is nothing in the Bankruptcy Act except section 14a to indicate when Congress intended for the 12-months period to begin to run. The language there employed must be taken in its common and usual signification, without effort or straining to wrest its meaning from that which would ordinarily be given to it by the careful reader. A period of either 11 or 12 months is ample time to file an application for a discharge, and we must look solely to the words employed to determine which Congress intended. Section 14a, dealing exclusively with the time in which the application may be filed, fixes it "after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt." By all ordinary rules of grammar, the phrase "subsequent to being adjudged a bankrupt" modifies the next 12 months, as well as one month, and the court is unwarranted in inserting commas and transposing phrases to give it a different construction.

There are numerous cases containing dicta to the effect that the 12 months begin to run from date of adjudication: In re Wolff (D. C.) 100 F. 430; In re Fahy (D. C.) 116 F. 239; Kuntz v. Young (C. C. A. 8) 131 F. 719, 721, 65 C. C. A. 477; In re Lewin (D. C.) 135 F. 252 (does not appear when application was filed); In re Wagner (D. C.) 139 F. 87; In re Kuffler (C. C. A. 2) 151 F. 12, 80 C. C. A. 508; In re Pullian (D. C.) 171 F. 595 (Judge Sanford); In re Bacon (5 C. C. A.) 193 F. 34, 113 C. C. A. 358 (Judge Shelby); In re Daly (D. C.) 205 F. 1002 (statement of facts too indefinite to give case any value); In re Loughran (D. C.) 215 F. 271; In re Daly (D. C.) 224 F. 263 (Judge Ray, who uttered dictum as above, also says the language is ambiguous; but he afterwards decided In re Snell, supra); In re Schwartz (D. C.)

8 F.(2d)—35

248 F. 841; In re Waller (C. C. A. 7) 249 F. 187, 161 C. C. A. 223; In re Weldon (D. C.) 262 F. 828 (application not filed with clerk at all, but filed with referee within 13 months; the court said 12 months period ran from adjudication; treating the filing with the referee as sufficient, as held in In re Pincus [D. C.] 147 F. 621, and as the court seems to have done, this case is decision and not merely dictum; but see In re Taylor [D. C.] 188 F. 479); In re Reingold (D. C.) 3 F.(2d) 80. These are persuasive that the words used have generally conveyed the meaning that the 12-months period began to run from date of adjudication.

In each of the only two authorities to the contrary, above cited, the word "next" is made to serve as the basis for the decision. But the word "next" simply means nearest, immediately following. State v. Asbell, 57 Kan. 398, 46 P. 770; Daly v. Fire Insurance Co., 16 Colo. App. 349, 65 P. 416; State v. Caplan, 85 Conn. 618, 84 A. 280. It does not aid in fixing the initial point, which is indicated solely by the words "subsequent to being adjudged a bankrupt." Subsequent means "at a later time or afterwards; that is, at any time afterwards." In re Rosenfield, 20 Fed. Cas. 1,202.

My conclusion is that, after 18 months from date of adjudication, the court was without power to permit the application for discharge to be filed.

[4] If the petition for discharge is to be denied, the court is requested to provide that it be without prejudice to the commencement of new proceedings in bankruptcy upon the part of the petitioner; but under the view here taken this cannot be done, because the failure of the bankrupt to apply in due time for a discharge renders the question of a right to a discharge from those debts in a proceeding under a subsequent petition res adjudicata. Kuntz v. Young, 131 F. 719, 65 C. C. A. 477; In re Bacon (5th Cir. C. C. A.) 193 F. 34, 113 C. C. A. 358.

Therefore the motion to vacate will be sustained, and the petition for discharge dismissed.