## In re MYERS.

(District Court, D. Maryland. April 14, 1926.)

**1. Bankruptcy ☞404(1).**

The language of the Bankruptcy Act (Comp. St. §§ 9585–9656), conferring the right of discharge, ought to be liberally construed.

**2. Bankruptcy ☞410—Bankrupt has thirteen months from adjudication within which to file application for discharge (Bankruptcy Act, § 14a [Comp. St. § 9598]).**

Bankr. Act, § 14a (Comp. St. § 9598), providing that an application for discharge may be filed "after the expiration of one month and within the next twelve months" after adjudication gives the bankrupt twelve months after expiration of the first month within which to file his application.

In Bankruptcy. In the matter of Murray Albert Myers, bankrupt. On application of bankrupt for discharge. Granted.

Harry L. Price, of Baltimore, Md., for bankrupt.

SOPER, District Judge. [1, 2] Murray Albert Myers, having been adjudicated a bankrupt by this court on January 23, 1925, filed an application for a discharge in bankruptcy on February 12, 1926. Specifications in opposition to his discharge have been filed on the ground that the application for the discharge was not filed within the time required by section 14a of the Bankruptcy Act (Comp. St. § 9598). The language of section 14a is as follows:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

Obviously, the interpretation of this language is not free from doubt. It may mean that the application must be filed within twelve months subsequent to adjudication, or within twelve months after the expiration of one month subsequent to adjudication. The decisions of the federal courts are not harmonious on the point, some taking one position and some the other. See the cases cited in Collier on Bankruptcy (13th Ed.) p. 484. The matter was carefully considered in the case of In re Snell (D. C.) 244 F. 613, and the conclusion was reached that the application must be filed within twelve months subsequent to adjudication, although the same court, in the case of In re Daly (D. C.) 224 F. 263, recognized that section 14a is susceptible of the construction that the application may be filed within twelve months after the expiration of the first month succeeding adjudication. On the other hand, it was held by the District Court of Montana, in the case of In re Walters, 209 F. 133, and by the Circuit Court of Appeals for the Sixth Circuit in the case of In re Jacobs, 241 F. 620, 154 C. C. A. 378, that an application filed within thirteen months after adjudication is on time. It is pointed out in these decisions that if the intent of Congress was that the twelve months, within which an application for discharge may be filed, are to be measured from the date of adjudication as the one month is, before whose expiration an application may not be filed, there was no more necessity to add the words "the next" to the former than there was to add them to the latter. Furthermore these words are not found in the Bankruptcy Act of 1867, 14 Stat. 517, under which the twelve months within which an application could be filed were computed from the date of adjudication. Finally, one of the great objects of the federal Bankruptcy Act is to release honest and insolvent debtors from the burden of their debts. Section 14a, together with section 14b and section 17 (Comp. St. §§ 9598, 9601), are designed to accomplish this end, and the language conferring the right of discharge ought to be liberally construed.

The application of the bankrupt in this case, while not filed within twelve months, was filed within thirteen months subsequent to adjudication, and was therefore in time under the authority of the cases last cited, which in the opinion of this court should be followed.

The specifications in opposition to the discharge are accordingly overruled, and the discharge will be granted.