## BOCKUS v. YUEN et al.

Circuit Court of Appeals, Ninth Circuit.
November 12, 1928.

No. 5577.

Arthur G. Smith, Urban E. Wild, and Arthur S. Hoppe, all of Honolulu, Hawaii, for appellant.

Thompson, Cathcart, Beebe & Winn, F. E. Thompson, E. H. Beebe, and Montgomery E. Winn, all of Honolulu, Hawaii, for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a judgment denying a discharge in bankruptcy. The appellant was adjudicated a bankrupt on December 28, 1922. On July 25, 1924, the bankruptcy court made an order extending the time within which to file an application for a discharge to and including July 27, 1924, and on the date of this order the application for a discharge was filed. April 12, 1928, the order extending the time for filing the application for a discharge was vacated, and the application itself was denied on the ground that the court was without jurisdiction to extend the time for filing the application after the lapse of 18 months from the date of the adjudication.

Section 14(a) of the Bankruptcy Act of 1898, 30 Stat. 550 (11 USCA § 32), in effect at the time the application for a discharge was filed, provided as follows:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

The language of this section is ambiguous, to say the least, and this ambiguity has given rise to considerable diversity of opinion. Many of the District Courts have held

that the 12-month period within which the bankrupt may file his application for a discharge as a matter of right, dates from the adjudication in bankruptcy, and that the time may be extended for an additional period of 6 months, while other courts hold that the application may be filed as a matter of right within 12 months after the expiration of the one-month period, or within 13 months from the date of the adjudication, and that the time may be extended for 6 months additional. Some of the conflicting decisions are collated in Re Jacobs (C. C. A.) 241 F. 620, and In re Myers (D. C.) 12 F.(2d) 623. The question is no longer of importance as the amendment of May 27, 1926, 44 Stat. 663, expressly provides that the application for a discharge may be filed "within twelve months subsequent to being adjudged a bankrupt," omitting the words which gave rise to the diversity of opinion to which we have referred. In view of the fact that this question will not arise again, it would serve no purpose to review the many conflicting decisions. Suffice it to say that we agree generally with the Circuit Court of Appeals for the Sixth Circuit (In re Jacobs, supra) that the Bankruptcy Act should be liberally construed in favor of the right of discharge, and that the doubt which the language of the original act gave rise to should be resolved in his favor.

The judgment denying the discharge is therefore reversed, and the cause remanded for further proceedings.