### In re FAHY.

(District Court, N. D. Iowa, C. D. June 19, 1902.)

1. BANKRUPTCY—DISCHARGE—JURISDICTION—TIME OF PETITION.

Under Bankr. Act 1898, § 14, providing that within 12 months after adjudication a petition for discharge may be filed, and that the court may permit it to be filed within, but not after, the next 6 months, granting a discharge on a petition therefor filed more than 18 months after the adjudication is without jurisdiction.

Submitted on Petition for Discharge, and Objections Thereto on Behalf of Creditors.

Soper, Allen & Alexander, for bankrupt.
Morling & Davidson, for creditors.

SHIRAS, District Judge. The principal question presented by the objections filed by creditors to the petition for discharge is as to the right of the court to consider the same, in view of the fact, that

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 694.

the petition was not filed within 18 months from the date of the adjudication in bankruptcy. From the record it appears that the adjudication was entered on January 5, 1900, by the referee for Palo Alto county, Iowa, upon a voluntary petition filed under date of January 2d, and the first meeting of creditors was called for the 14th day of February. On that day the bankrupt appeared by counsel, but not in person, and, certain of the creditors demanding an examination of the bankrupt, the meeting was adjourned to March 21st. On the 15th of March the bankrupt filed before the referee an application for the dismissal of his petition and all proceedings based thereon. This application was forwarded by the referee to the clerk of this court, but no action was taken thereon, because no notice had been given to the creditors of such application, as required by section 58 of the bankrupt act. The reason assigned for the action of the bankrupt in seeking to withdraw the proceedings was that immediately after he had been adjudged a bankrupt he had removed with his family from Iowa to Wilkin county, Minn., and he did not have the means to pay his traveling expenses in returning to Iowa, and hence could not attend in person before the referee for the purpose of being examined by his creditors. Thus the case rested until on March 25, 1901, the bankrupt withdrew his application for the dismissal of the proceedings, and the case was referred to Referee Doolittle, of Emmet county, and on March 10, 1902, the petition for discharge was filed. This petition is therefore based upon the adjudication entered under date of January 5, 1900, and it was not filed until more than two years had elapsed from that date.

Section 14 of the act provides that within 12 months subsequent to the adjudication the petition for discharge may be filed, and, if unavoidably prevented from filing the same within that period, the judge may permit it to be filed within, but not after the expiration of, the next six months. In express terms the discretion of the judge is limited to the six months following the expiration of the year beginning with the date of the adjudication, and, as I construe the statute, this is a limitation on the jurisdiction of the judge over the matter of discharge. The power and right to grant a discharge effectual to bar the enforcement of debts is conferred by the statute, and is governed by the limitations found in the statute; and therefore, unless it is petitioned for within the time limit fixed by section 14 of the act, the court of bankruptcy is without the power and jurisdiction to grant a discharge. If the court, yielding to the equitable considerations pressed upon it, should grant a discharge in form to the bankrupt, it would be a mistaken kindness, for the validity of the discharge could be impeached before any court wherein it might be pleaded as a bar to a claim, on the ground of want of jurisdiction in this court to entertain the petition for discharge; the record showing on its face that the petition was not filed within 18 months of the date of the adjudication.

The petition for discharge is therefore stricken from the record on the ground that the court is without jurisdiction to consider it, such action to be without prejudice to the commencement of new proceedings in bankruptcy upon the part of the petitioner.