ARMSTRONG et al. v. NORRIS.

(Circuit Court of Appeals, Eighth Circuit. November 12, 1917.)

No. 177.

1. BANKRUPTCY ⊂⇒440—APPELLATE PROCEEDINGS—MODE OF REVIEW.

An order of a court of bankruptcy, denying a motion of a creditor to set aside an order of adjudication, is reviewable on petition to revise.

2. BANKRUPTCY ⊂⇒404(2)—DISCHARGE—JURISDICTION TO GRANT.

The matter of discharge in bankruptcy is essentially a constituent of the proceeding in which the adjudication and the administration of the bankrupt estate are had, and it cannot be detached and taken to a court of another jurisdiction.

3. BANKRUPTCY ⊂⇒404(1)—PARTNERSHIP—DISCHARGE OF PARTNERS.

Although an adjudication in bankruptcy is against a partnership alone, the individual partners and their estates are drawn into the proceeding and are subject to the jurisdiction of the court; and when all the conditions and requirements of Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544, have been observed by them jointly and severally the court may in the same proceeding on their application discharge them from further liability for the partnership debts.

Petition to Revise Order of the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

In the matter of the voluntary proceeding in bankruptcy by C. G. Norris. Petition by T. G. Armstrong and others, creditors, to revise an order denying a motion to set aside the adjudication. Petition sustained.

Edwin A. Krauthoff, William S. McClintock, and Arthur L. Quant, all of Kansas City, Mo., and O. M. Slaymaker, of Osceola, Iowa (Krauthoff, McClintock & Quant, of Kansas City, Mo., of counsel), for petitioners.

C. F. Howell, C. H. Elgin, and Max M. Howell, all of Centerville, Iowa, and A. M. Jackley, of Seymour, Iowa (Howell, Elgin & Howell, of Centerville, Iowa, of counsel), for respondent.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is a petition to revise an order of the District Court for the Southern District of Iowa in a bankruptcy proceeding. Two questions are involved; one of appellate practice, and the other of the scope and efficacy of a prior proceeding in Kansas and the right of Norris, the respondent, to maintain the present one in Iowa.

In July, 1913, partnership creditors instituted an involuntary proceeding in bankruptcy in the district of Kansas against Brown & Norris, a firm composed of I. T. Brown and C. G. Norris. The petition averred that Brown and Norris individually were merchants, and were neither wage-earners nor persons engaged principally in farming or the tillage of the soil, but it did not in definite terms pray an adjudication against them as individuals. Brown and Norris filed an answer as individuals and as a partnership, admitting the ground of bank-

ruptcy charged and submitting themselves to the jurisdiction of the court. On August 16, 1913, an order of adjudication was entered that:

"I. T. Brown and C. C. Norris, copartners trading under the firm name and style of Brown & Norris, is hereby declared and adjudged bankrupt accordingly."

They filed schedules showing only firm creditors and debts. Dividends aggregating about 30 per cent. were paid on the claims of general creditors. August 13, 1914, Norris filed his verified application, reciting that he as a member of his firm had been adjudged bankrupt, that he and his firm had surrendered all his and their property, etc., and praying for a discharge "as an individual bankrupt and as a member of said bankrupt firm." This application was never brought to a hearing, and no other application for a discharge was made in the Kansas proceeding by the firm or a member. On December 7, 1915, Norris filed a voluntary petition in bankruptcy in the court below, Southern district of Iowa, and two days later was adjudged bankrupt. His schedules showed no assets, and only the firm creditors and debts disclosed in the Kansas proceeding. January 15, 1916, the petitioners here, who hold claims that were proved and allowed in the Kansas proceeding, moved the court below that its adjudication of December 9th be vacated, that the proceeding be dismissed, that Norris be enjoined from petitioning for a discharge, and for such other relief as might be equitable. April 24, 1916, the court denied petitioners' motion. It held in substance that Norris had not been individually adjudged bankrupt in Kansas, was therefore not entitled to a discharge there, and consequently his failure to procure one did not bar a subsequent individual proceeding in Iowa. May 19, 1916, the court in Kansas, at the instance of Norris, entered an order that his petition for a discharge there might be withdrawn without prejudice to his right to commence a new bankruptcy proceeding, or to continue one already begun. The petition to revise now before us is directed against the order of April 24, 1916, denying petitioners' motion to vacate, and for an injunction, etc.

[1] It is urged by the respondent that a petition to revise does not lie, but that petitioners' sole remedy was an appeal from the order of adjudication of December 9, 1915, within 10 days thereafter, as provided by section 25a of the Bankruptcy Act (Comp. St. 1916, § 9609). This is answered by Hart-Parr Co. v. Barkley, 146 C. C. A. 109, 231 Fed. 913.

[2] Norris scheduled in Iowa no assets and no liabilities, except those involved in the Kansas proceeding. All the liabilities scheduled were the old partnership debts. Obviously his present and sole purpose is to obtain in Iowa what he did not secure in Kansas—an individual discharge from his liability for the debts of his firm. The matter of discharge in bankruptcy is essentially a constituent of the proceeding in which the adjudication and the administration of the bankrupt estate are had. It cannot be detached and taken to a court of another jurisdiction. The time for applying is limited upon the time of adjudication, and the right is qualified by conduct during the progress of the proceeding. Section 14, Bankruptcy Act (Comp. St

1916, § 9598). If Norris was a party to the proceeding in Kansas, and the court there had jurisdiction to grant or deny him a discharge from the debts of his firm, that was the tribunal of exclusive cognizance. Furthermore, a discharge must be affirmatively sought, as prescribed in the Bankruptcy Act. It is not granted as of course without application, and a failure to apply has the same effect as a denial of the right. The right is foreclosed by default, and will not thereafter be granted in another proceeding. Kuntz v. Young, 65 C. C. A. 477, 131 Fed. 719; Siebert v. Dahlberg, 134 C. C. A. 460, 218 Fed. 793, and cases cited.

Brown & Norris, as a partnership, were adjudged bankrupt in the Kansas proceeding. The needs of the case before us do not require a decision whether the adjudication was broader, or should have been broader, in terms. The bankruptcy of their firm made Brown and Norris as individuals parties to the proceeding, so far as their rights and liabilities as debtors were necessarily involved in its scope and effect. They were in court jointly and severally. The partnership debts were their debts. Their individual liability therefor was primary and direct, not collateral. The partnership property that was administered was their property, for a deficiency of which to pay the debts their individual estates, if any, were bound, and were subject to the jurisdiction of the court in that proceeding for equitable marshaling and application. Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706. In the case just cited the Supreme Court said:

> "On the other hand, it would be an anomaly to allow proceedings in bankruptcy against joint debtors, from some of whom, at any time before, pending, or after the proceeding, the debt could be collected in full. If such proceedings were allowed, it would be a further anomaly not to distribute all the partnership assets. Yet the individual estate, after paying private debts, is part of those assets so far as needed. Section 5f [Comp. St. 1916, § 9589]. Finally, it would be a third incongruity to grant a discharge in such a case from the debt considered as joint, but to leave the same persons liable for it considered as several. We say the same persons, for, however much the difference between firm and member under the statute be dwelt upon, the firm remains at common law a group of men, and will be dealt with as such in the ordinary courts for use in which the discharge is granted."

[3] Ordinarily it is true that a discharge in bankruptcy implies a prior adjudication of the person discharged, but the rule should not be applied too literally. When a partnership alone has been adjudged bankrupt, the individual partners and their estates are drawn into the proceeding and are subject to the jurisdiction of the court; and when all the conditions and requirements of the Bankruptcy Act have been observed by them, jointly and severally, there is no sound reason why the court should not, upon their application in the same proceeding, discharge them from further liability for the partnership debts. That is a natural and logical outcome of such a proceeding, and is consistent with the long-established practice in equity. An adjudication against the partnership, the necessary relation of the partners thereto, and the jurisdiction of the court over them, empowers the court to award them, if they so desire, the relief which from their standpoint is in the nature of a final decree. To remit

them to another proceeding for relief would be unnecessarily vexatious, and to permit them to resort to another jurisdiction would aid them in avoiding an obstacle to their discharge on account of misconduct in the first. In Kuntz v. Young, supra, this court said:

"A voluntary proceeding in bankruptcy for the sole purpose of obtaining a discharge which a prior involuntary proceeding has conclusively determined that the bankrupt is not lawfully entitled to presents no ground for relief, is vexatious and futile, and should be dismissed."

In that case the dismissal of the second proceeding was after adjudication. The withdrawal without prejudice of Norris' application for a discharge in the Kansas proceeding is not important here. By allowing it the court did not affirmatively confer upon him a right to commence or maintain a second proceeding. It merely relieved him from the embarrassment, if any, of his pending application in the first.

The petition to revise is sustained.