## In re SCHWARTZ.

### (District Court, N. D. Ohio, E. D.   March 25, 1918.)

### No. 6458.

1. **BANKRUPTCY ⬦⟶410—DISCHARGE—FAILURE TO APPLY.**
   Where a bankrupt does not apply for a discharge within the period limited by the act, he is forever barred from obtaining a discharge against the debts scheduled and provable in that proceeding.

2. **BANKRUPTCY ⬦⟶404(2)—DISCHARGE—DENIAL.**
   A denial of an application for discharge, not reviewed or reversed, is a final judgment, conclusive against the right of a bankrupt to obtain discharge from debts scheduled and provable.

3. **BANKRUPTCY ⬦⟶410—DISCHARGE—APPLICATION.**
   Where an application for discharge is made within due time, but voluntarily withdrawn, the effect is the same as if the bankrupt failed to apply for discharge within the period limited.

4. **BANKRUPTCY ⬦⟶404(2)—DISCHARGE—DISMISSAL.**
   Under Bankruptcy Act July 1, 1898, c. 541, § 2. subd. 15, 30 Stat. 545 (Comp. St. 1916, § 9586), declaring that the court shall make such orders, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of the act, where a bankrupt, having applied for leave to withdraw his petition for discharge and allowed the period fixed to expire without again applying for a discharge, filed a second petition, in which no new liabilities or additional assets were scheduled, the court of bankruptcy should dismiss the same without waiting for the bankrupt to apply for a discharge, as he could not obtain a discharge from those debts scheduled and provable in the original proceedings.

5. **BANKRUPTCY ⬦⟶413(9)—DISCHARGE—INJUNCTION.**
   In such case he should be enjoined from further applications for discharge, as the bankrupt could not obtain a discharge from those debts scheduled and provable in the first proceedings.

In Bankruptcy.   In the matter of the bankruptcy of Loeb Schwartz. On petition for dismissal of the voluntary petition and to enjoin the bankrupt from filing further petitions or applications for discharge. Proceedings dismissed, and injunction granted.

A. F. Ingersoll and Schwartz & Lustig, all of Cleveland, Ohio, for petitioner.

S. A. Grossner, of Cleveland, Ohio, for bankrupt.

WESTENHAVER, District Judge.   The bankrupt on December 30, 1915, was adjudicated a bankrupt upon a voluntary petition filed in the Western division of this district.   On November 17, 1916, he filed his petition for discharge from his debts scheduled and provable against him in that proceeding.   On January 8, 1917, specifications were filed in opposition to his discharge, which were referred to a special master to hear and report his findings of fact and conclusions of law.   On January 18, 1917, the bankrupt applied for leave to withdraw his petition for a discharge, which leave was on February 12th following granted, and said application for discharge was withdrawn. On November 6, 1917, the bankrupt filed in this court his voluntary petition in bankruptcy, with schedules of debts and assets.   All the

---

debts therein scheduled had been scheduled in the former involuntary proceeding in the Western division of this district, and the assets scheduled consist only of three items of property, which might properly be and were claimed as exempt. An adjudication in bankruptcy has been entered upon this voluntary petition.

In this situation, T. C. Keller, trustee, selected and appointed in the former proceeding in the Western division, appeared and filed a petition, setting forth, among other facts, the foregoing, and asks that this voluntary petition be dismissed, and that the bankrupt be perpetually enjoined from filing further petitions or applications for a discharge as against the creditors whose debts were scheduled and provable in the former proceeding.

[1-3] A bankrupt's petition for discharge may be filed in 12 months as of right, and upon leave of court for good cause shown must be filed within 18 months from the date of the adjudication. If the application is not made within the time thus limited, the bankrupt is forever barred from obtaining a discharge as against the debts scheduled and provable in that proceeding. It is also settled law that the denial of an application for a discharge, not reviewed or reversed is a final judgment, binding equally upon the bankrupt and his creditors. It may also be regarded as settled law that an application for a discharge made within due time, but voluntarily withdrawn, is in legal effect, the same as a failure to apply for a discharge within the time limited by law.

[4] In all these situations, either of a failure to apply within the time, or having applied and voluntarily withdrawn the application, or a denial by the court of an application for a discharge, a final and conclusive judgment is in effect rendered, which thereafter controls the relations of bankrupt and creditors, and has the same effect in law as a former adjudication upon the merits of a controversy between adverse parties.

It follows that the bankrupt by this proceeding cannot procure a discharge against the debts scheduled and provable in the former proceeding. This proceeding is in effect a new application to obtain relief, which had been applied for and denied in a former proceeding. It is the duty of this court, upon these facts being brought to its attention, to make such order, under subdivision 15, section 2, of the Bankruptcy Act, as is required in the premises; and, inasmuch as no new debts contracted since the prior adjudication in bankruptcy have been scheduled, and no additional assets are by this proceeding brought within the jurisdiction of the bankruptcy court, the proper order in the premises is one dismissing the voluntary petition herein, at the costs of the petitioner. In re Fiegenbaum (2 C. C. A.) 121 Fed. 69, 57 C. C. A. 409, 9 Am. Bankr. Rep. 595; Kuntz v. Young (6 C. C. A.) 131 Fed. 719, 65 C. C. A. 477, 12 Am. Bankr. Rep. 505; Pollet v. Cosel (1 C. C. A.) 179 Fed. 488, 103 C. C. A. 68, 30 L. R. A. (N. S.) 1164, 24 Am. Bankr. Rep. 678; Armstrong v. Norris (8 C. C. A.) 247 Fed. 253, —— C. C. A. ——, 40 Am. Bankr. Rep. 735.

[5] Counsel for trustee also asks that the bankrupt be enjoined from instituting any further proceedings in bankruptcy, seeking a

discharge from the debts scheduled and provable in the first proceeding; and counsel for the bankrupt herein urges that the application, both to dismiss and for an injunction, is premature, and should not be considered at all until the bankrupt makes an application to this court for a discharge.

If additional assets had been brought within the jurisdiction of this court, or if debts other than those scheduled in the former proceeding had been scheduled herein, it might be proper to permit this cause to proceed until an application for a discharge were made by the bankrupt. In that situation some relief might be afforded, both to the creditors and to the bankrupt, and the time of this court and of the referee, and the labor and expense of creditors in connection herewith, might not be wholly useless and vain. In the absence of additional assets and new debts, however, no reason exists why creditors should be compelled to expend money and time to defend an unnecessary and futile proceeding. It will be necessary, if this cause is permitted to go on, or if the bankrupt is permitted to institute new actions to obtain discharge, for creditors to attend here and before the referee, perhaps prove their claims, file specifications against an application for a discharge, give the bond usually required on opposition to discharge, and be otherwise vexed and harassed without reason or necessity.

For these reasons, not only should the bankruptcy petition be dismissed, but it is proper that the bankruptcy court, in the exercise of its equitable power, should enjoin and restrain the bankrupt from seeking by a new application to procure a discharge from the debts scheduled and provable in the prior proceeding. In re Feigenbaum, supra; Armstrong v. Norris, supra.

An order may be entered, in conformity with the conclusions herein announced, enjoining bankrupt from proceeding again within six years from date of prior adjudication to obtain a discharge from debts scheduled and provable therein. An exception may be noted on behalf of the bankrupt.