## In re MOORE et al.

District Court, W. D. New York.   June 7, 1926.

Buecking & Sengbusch, of Buffalo, N. Y. (Martin H. Buecking, of Buffalo, N. Y., of counsel), for petitioners.

HAZEL, District Judge. ■ This is an application to file a petition for discharge in bankruptcy nunc pro tunc as of November 10, 1924. The weight of authority prevents such an order as is now sought. Section 14a Bankruptcy Act (11 USCA § 32) reads:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

This provision very plainly requires that an application for a discharge must be filed within the year following the adjudication of the bankrupt. For good reason appearing to the court, however, such time may be extended six months thereafter. Fully a year and a half has passed since the extension period expired, and there is nothing contained in the moving affidavits of sufficient importance to excuse the default. If the application, on the papers presented, were allowed, interested parties could move to vacate it. In re Fahy (D. C.) 116 F. 239; Collier on Bankruptcy (13th Ed.) 487; and see In re Loughran (D. C.) 215 F. 271; In re Taunton (D. C.) 216 F. 987. In Re Wolff (D. C.) 100 F. 430, an order nunc pro tunc was granted owing to the delay caused by an act of the court or its officers; and in Re Daly (D. C.) 224 F. 263, Judge Ray ruled that an order nunc pro tunc could not be granted extending the time for filing the application for discharge unless it appeared that the failure to file earlier was due to the absence or fault of the clerk or judge, or to some fault on the part of the postmaster, or of some clerk in the office of the bankrupt's attorney. There is no such showing here. The affidavit simply states that no petition for discharge was presented to the court by the attorney for the bankrupts; that deponents never received any information from their attorney that a discharge was required; while the affidavit of the attorney recites that the bankrupt White removed from the city, and that he was unable thereafter to learn his address, though several letters were mailed to him calling his attention to the importance of filing the application; that he was also unable to

find the bankrupt Moore although he had made diligent effort to do so. A somewhat similar situation was presented in Re Fahy, supra. There the court held that the discretion of the judge is limited to the six months following the expiration of a year from the date of adjudication. In Re Bacon, 193 F. 34, the Circuit Court of Appeals for the Fifth Circuit had before it a question of the right to a discharge under a subsequent petition in bankruptcy, and it was decided that failure to apply for discharge within the statutory period on his first petition barred his right under the second. I am strongly of the opinion that the neglect of the bankrupts to file their application for discharge within the specified time was in effect a denial of their right to a discharge, and was in effect a judgment against them by default, which cannot now be opened.

The motion is denied.