## In re CEDERBAUM.

District Court, S. D. New York.
May 23, 1939.

Lee Epstein, of New York City, for bankrupt (on this motion only).

Herman Koenigsberg, of New York City, for judgment creditor.

CONGER, District Judge.

This is an application on the part of the bankrupt herein for an order fixing the time within which his creditors may file objections to his discharge.

The adjudication was had on September 14, 1937. This petition was made and filed after eighteen months had elapsed since the petitioner's adjudication.

The problem which confronts the court is whether the provisions of Section 14a of the amendatory act, 11 U.S.C.A. § 32(a), shall be applied in a case where, on the effective date of the amendatory act, September 22, 1938, the time in which the bankrupt could file an application for a discharge under former Section 14a had expired.

Former Section 14a read as follows: "Any person may, after the expiration of one month and within twelve months, subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending, if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months." 44 Stat. 663, 11 U.S.C.A. § 32(a).

Section 14a of the amendatory act, so far as material, provides that: "The adjudication of any person, except a corporation, shall operate as an application for a discharge * * *."

And Section 14b of the same act reads as follows: "After the bankrupt shall have been examined, either at the first meeting of creditors or at a meeting specially fixed for that purpose, concerning his acts, conduct, and property, the court shall make an order fixing a time for the filing of objections to the bankrupt's discharge, notice of which order shall be given to all parties in interest as provided in section 58 [94] of this Act [title]. Upon the expiration of the time fixed in such order or of any extension of such time granted by the court, the court shall discharge the bankrupt if no objection has been filed; otherwise, the court shall hear such proofs and pleas as may be made in opposition to the discharge, by the trustee, creditors, the United States attorney, or such other attorney as the Attorney General may designate, at such time as will give the bankrupt and the objecting parties a reasonable opportunity to be fully heard."

Section 6b of the amendatory act of the Chandler Act, 11 U.S.C.A. § 1 note, reads as follows: "Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect; but proceedings in cases then pending to which the provisions of this amendatory Act are not applicable shall be disposed of conformably to the provisions of said Act approved July 1, 1898, and the Acts amendatory thereof and supplementary thereto."

The first question to be decided is whether amended Section 14a can be applied, and if so, whether it is practicable to apply such provisions to the instant case.

It is settled that the failure of a bankrupt to apply for a discharge in the prior proceedings precludes him from procuring a discharge in subsequent proceed-

ings from the debts scheduled and provable in the prior proceedings. Armstrong et al. v. Norris, 8 Cir., 247 F. 253, 40 Am.Bankr. Rep. 735; In re Moore, et al., D.C., 36 F.2d 429; In re McMorrow, D.C., 52 F.2d 643, 18 Am.Bankr.Rep.,N.S., 607; In re Brislin, D.C., 10 F.Supp. 181, 28 Am.Bankr.Rep.,N. S., 433. Such failure to apply for a discharge is a conclusive determination as to all parties then before the court, on the principle of res adjudicata. In re Von Borries, D.C., 168 F. 718, 21 Am.Bankr.Rep. 849. The failure of a bankrupt to file his application for discharge within the specified time is in effect a denial of his right to a discharge and in effect a judgment against him by default, which the court is powerless to open. In re Moore, supra.

In Armstrong et al. v. Norris, supra, the court said [247 F. 255, 40 Am.Bankr. Rep. 735]: "Furthermore, a discharge must be affirmatively sought, as prescribed in the Bankruptcy Act. It is not granted as of course without application, and a failure to apply has the same effect as a denial of the right. The right is foreclosed by default, and will not thereafter be granted in another proceeding. Kuntz v. Young [8 Cir.], 65 C.C.A. 477, 131 F. 719; Siebert v. Dahlberg [8 Cir.], 134 C.C.A. 460, 218 F. 793, and cases cited."

The general view, that a failure to apply for a discharge within the statutory period bars an application under a second proceeding for a discharge from the same debts, is supported by obiter, in Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193, where the court said: "Denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts." (Cases cited).

██ It is clear from the foregoing that the rights of all parties became fixed and determined at the expiration of the statutory time in which the application for a discharge could be filed. The rights of creditors as against the bankrupt became vested, and the bankrupt thereafter could never obtain a discharge from the debts provable in that bankruptcy proceeding.

██ Statutes will be interpreted prospectively unless the language admits of no other construction. In re John G. Gasteiger & Co., Inc., 2 Cir., 25 F.2d 642, 643. In that case, from an order affirming an order of the Referee in Bankruptcy disallowing priority to the claim of the Fidelity &

Deposit Company of Maryland, the claimant appealed. Under the law as it stood, when the petition in bankruptcy was filed, when the order of adjudication was entered, and when the time expired within which claims could be filed, the claim had no priority. The appellant contended, however, "that, since by the amendment of May 27, 1926, to section 64(b) (7) of the Bankruptcy Act (11 U.S.C.A. § 104), claims of the United States were preferred, and since, under section 18 of the same statute (11 U.S.C.A. § 1 note) it was to 'govern' pending cases, 'so far as practicable and applicable'", and since claimant was subrogated to the claim of the United States, which it had paid, the order was wrong. L. Hand, Circuit Judge, speaking for the Court said that creditors' rights had been settled in accordance with the law as it stood prior to the time when the amendment was passed, and that the Court was to decide whether the change in Section 64b (7) was "practicable and applicable" in the situation before it. After pointing out that the canon was well settled which interpreted statutes prospectively, unless the language used admitted of no other construction, and stating his reasons therefor, he said: "* * * we are not sure that the clause, 'so far as practicable and applicable,' means to go further than to make the amendments 'applicable' to pending proceedings in matters of procedure, though perhaps it may. Even if it does, it gives the courts a wide discretion in determining when it is 'practicable' so to apply it, and by 'practicable' we understand that we must decide whether it is just to disturb vested rights."

Judge Hand, after a discussion of the problem, then said: "For these reasons, it seems to us that it is not 'practicable' to apply retroactively section 64(b) (7) to cases where the claims have all been filed and the rights all fixed."

██ The question of "practicability" must be determined by the effect of the application of the provisions of the amendment upon vested rights, although it would appear that in a case such as this, the provisions of the amendatory act cannot be applied and no question of practicability can be involved.

In the matter of In re Messinger, 2 Cir., 29 F.2d 158, 159, 68 A.L.R. 1205, the question arose as to "whether the life insurance policies made payable to the bankrupt's wife, but in which he had reserved the

right to change the beneficiary, became exempt from the claims of his creditors under the provisions of section 55a of the state Insurance Law [Consol.Laws, c. 28]", which became effective March 31, 1927.

In discussing the applicability of that section, Augustus N. Hand, Circuit Judge, speaking for the Court, said: "Section 55a of the state Insurance Law took effect March 31, 1927. It is unlikely that there were not creditors existing at that time, seeing that bankruptcy followed so soon after. To the creditors whose claims arose prior to the passage of the law, it would not apply. Not only is a retroactive statute which disturbs existing rights unlikely to have been intended, but a state law which deprives existing creditors of their rights to resort to property for payment of their claims would impair the obligation of contracts, and contravene section 10, article 1 of the Federal Constitution [U.S.C.A.]. * * * Section 55a should be considered so as not to operate retroactively, and to affect only such claims as arose after March 31, 1927."

In the case of In re Photo Electrotype Engraving Co., D.C., 155 F. 684, 686, a salesman not entitled to priority at the time of the filing of the petition in bankruptcy or of the subsequent adjudication thereafter and during the pendency of the bankruptcy proceeding, became entitled to priority therefor, as a result of the amendment of 1906. The Court, denying priority to his claim, held that the rights of all creditors are fixed according to the provisions of the law in effect at the date of the petition and subsequent adjudication, saying: "The amendment of 1906, if allowed to alter the rights of creditors in this proceeding, would take away property which the creditors were entitled to by the provisions of law existing at the time when this estate came under the administration of the bankruptcy court."

Section 14a as amended is procedural in terms. It modifies the old rule which provided that the bankrupt must file an application for a discharge by providing that the adjudication shall operate as an application for a discharge.

A procedural change cannot be applied unless there are substantive rights to which it may be applied. Here, the substantive rights of the parties have been finally determined just as effectively as if there had been an application for a discharge, hearing thereon and the entry of an order denying the discharge. There is no proceeding in the case to which the procedural change may be applied.

A case well illustrating the distinction between substantive and procedural rights and the applicability of amendments thereto, is In re Wyatt, D.C., 23 F.2d 350, 351. In that case the amendments to section 14b by the Act of 1926 were involved. The amendments became effective subsequent to the return date of the order to show cause why the discharge should not be granted to the bankrupt, but prior to any decision thereon. The amendatory act provided that it should govern "so far as practicable and applicable". The court held: "When the bankrupt's application for discharge was filed, he was entitled to his discharge so far as this provision of the act is concerned, unless he had destroyed his books with intent to conceal his financial condition, which is a very different case from the mere destruction of records without such intent. The statute ought not to have a retroactive operation unless by its terms this is clearly imperative."

The Virginia court, however, in the same proceeding, applied that portion of the amendment to Section 14b which shifts the burden of proof to the bankrupt once the trustee has shown reasonable grounds for believing the bankrupt guilty of any of the acts therein forbidden and said it "* * * is valid and applicable thereafter in all cases whether begun before or after its passage. * * *" To same effect, see In re Jones, D.C., 15 F.2d 692.

In the matter of In re Old Algiers, Inc., 2 Cir., 100 F.2d 374, 375, the question arose as to the application of Sections 242, 246 and 247 of the Chandler Act, 11 U.S.C.A. §§ 642, 646, 647, to a case where the estate was still in the course of administration, and the time for filing claims did not expire until December 10, 1938. With respect to the test of practicability to be used, the Court said: "In our opinion the test of practicability should be whether the new provisions, for aught that has happened in the pending proceedings, can be applied as fairly and conveniently as they could be had the proceeding been started within three months of the effective date of the Act—in which event the new provisions would indubitably control by reason of section 276(c) (1), 11 U.S.C.A. § 676(c) (1). If, for example, administration had progressed so far that the assets of the estate had been distributed by way of dividends

1018

to creditors, it would be neither fair nor convenient to require creditors to return the dividends in order that fees might be paid pursuant to section 246; it would not be 'practicable' to apply the new provision. But where, as in the present case, the trustee still has funds in hand and the time for proving claims of creditors has not expired, fees to which the appellants may be entitled can apparently be as conveniently and as justly paid out of the estate as if the proceeding had been begun after June 22, 1938. Under such circumstances, it would seem to be 'practicable' to apply the amendatory provisions."

In German American Import Corp.,[1] No. 63026, Southern District of New York, a motion was made to disallow priority to claims of the American Liability Insurance Company and the Century Indemnity Company. An involuntary petition had been filed in that case on August 23, 1935, followed by an adjudication on August 26, 1935, and the claims in question had been filed within the statutory period and were entitled to priority under the former provisions of Section 64. The motion was denied by Referee John E. Joyce who said: "The sequestration of assets by a court creates a fund to be divided under the law, as it then exists. In re Inland Dredging Corp. [2 Cir.], 61 F.2d 765 [88 A.L.R. 254]. When the Amendatory Act was passed, the time to prove claims had long since expired, and the rights of creditors had been fixed in accordance with the then existing law. Re John G. Gasteiger & Co. [2 Cir.], 25 F.2d 642. It is not practicable to apply the Amendatory Act if vested rights must be disturbed."

In Great Northern Hat Co., Inc.[1] No. 66062, Southern District of New York, Referee Kurtz denied a similar application, relying upon the opinion of Referee Joyce in the Matter of German American Import Corp., supra, which was attached to and made a part of the record of the case before Referee Kurtz. A petition to review the order of Referee Kurtz was denied by Robert P. Patterson, Circuit Judge, then District Judge, who sustained the order of the Referee.

■ Moreover, the judges of this Court have construed Section 14a as amended to be inapplicable to cases in which the order of adjudication had been entered prior to September 22, 1938. Bankruptcy Rule 19a of this Court deals with the procedure in cases of discharges of bankrupts adjudicated on and after September 22, 1938, and Bankruptcy Rule 19 deals with procedure in those cases in which the order of adjudication had been entered prior to September 22, 1938.

■ There is no difference in principle, and it can make no difference in the result, whether the eighteen month period had expired on September 22, 1938, or the twelve month period had expired and the bankrupt was not "unavoidably prevented" from filing his application within the twelve month period. In the case where the bankrupt was not "unavoidably prevented" from filing his application for a discharge within the twelve month period, at the expiration of such period, the rights of all parties had become fixed and determined, for under the decisions, the Court was powerless to permit the filing of an application within the additional six month period.

The application is accordingly denied. Submit order on notice.

---

[1] No opinion for publication.