## In re SMITH.

### No. 353.

Circuit Court of Appeals, Second Circuit.

June 10, 1940.

U. Lawrence Bergstein, of New York City, for appellant.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

Among the changes introduced in the bankruptcy law by the Chandler Act of 1938, 52 Stat. 840, was a change in the procedure as to discharge. Under the old practice the bankrupt filed formal application for discharge from his debts. The period for filing the application ran from one month after adjudication to twelve months after adjudication, with a further period of six months more if a case of unavoidable prevention from filing in the normal time could be shown. Notice to creditors was given by the referee. Many bankrupts, and many lawyers also, were unaware that formal application for discharge was necessary, despite the plain language in section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, and allowed the time to slip by without asking for discharge. By the amendment under the Chandler Act, an adjudication in bankruptcy operates automatically as an application for discharge, except as to a corporation. After examination of the bankrupt at first meeting or at special meeting, the referee is to make an order fixing a time for filing objections to discharge and is to notify creditors and others interested. In default of objections an order of discharge ensues; in case objections are interposed the issues are tried. The Chandler Act took effect on September 22, 1938. As to cases then pending it was enacted in section 6(b), 11 U.S.C.A. § 1 note, that the amendatory provisions should control proceedings "so far as practicable".

Smith filed voluntary petition in bankruptcy on August 4, 1938 and was adjudicated bankrupt the same day. The first meeting of creditors was held on October 18, 1938, on call by the referee. The referee having failed thereafter to fix a time for the filing of objections to discharge, the bankrupt asked the district court to direct the referee to fix a time for filing objections to discharge and to give appropriate notice to creditors.

We are at a loss to know why the court turned the bankrupt away. While the adjudication in bankruptcy had occurred a month or more before the effective date of the amendment, the first meeting of creditors was not held until after the effective date. It was entirely "practicable" to follow the new procedure relative to discharge, and the bankrupt asked for no more than his due. See In re Old Algiers, Inc., 2 Cir., 100 F.2d 374. The case is not comparable to In re Cederbaum, D.C.N.Y., 27 F.Supp. 1014, where the normal time for filing application for discharge under the old procedure had expired before the effective date of the amendment. The court should have directed the referee to fix a time for filing of objections and to proceed in accordance with section 14 as amended.

Reversed.