**In re HAUSMAN.**

**No. 33567.**

District Court, E. D. New York.

July 30, 1940.

Morris Bauman, of New York City, for bankrupt.

Newman & Bisco, of New York City, for Conlew, Inc.

GALSTON, District Judge.

The bankrupt seeks an order referring the proceeding to a referee in bankruptcy for the purpose of fixing the time within which creditors may file objections to the discharge of the bankrupt pursuant to the provisions of Sec. 14, sub. b of the Chandler Act, 11 U.S.C.A. § 32, sub. b.

It appears that the bankrupt filed his petition in bankruptcy on October 18, 1937 and he was adjudicated a bankrupt the same day. A first meeting of creditors was held on November 4, 1937 at which the bankrupt was examined, the testimony disclosing that he was employed as a furrier at $50 a week, that he had failed in business and that some time in 1929 he had made an assignment for the benefit of creditors. The transcript showed the examination covered little more than a page, and the first meeting was thereupon closed. On November 6, 1937 the referee certified that the bankrupt had complied with all the requirements of the Act of Congress relating to bankruptcy and with the orders of the court. This reported conformity was filed by the referee pursuant to the rules of this court. It appears that the case was thereafter closed by the referee on November 20, 1937.

Some time in the middle of February, 1938, the petitioner inquired of his then attorney if he had received his discharge and on learning that it had not been procured the petitioner requested that the matter be taken care of immediately and the attorney agreed to do so. In May, 1938, the bankrupt again visited his attorney and directed him to procure his discharge and was again promised the matter would be taken care of. A third time, in July, 1938, a similar request was made and he was then told by his attorney that a new law had been passed and that it would not be necessary now to apply for a discharge; that under the new law the discharge would be granted automatically when the Act went into effect in September, 1938. Following the advice of his attorney the matter was left in that state and the petitioner now asserts that not having heard anything to the contrary he assumed that his discharge had been procured, but that the following year he was served with papers in supplemental proceedings on a judgment that was supposed to have been discharged in bankruptcy. Thereafter he was informed by this attorney that the new law did not affect pending bankruptcies and that a discharge could no longer be procured because more then eighteen months had elapsed since the adjudication.

Thereafter the petitioner consulted other counsel who again informed him that nothing could be done in the matter, and it was only after two and a half years had elapsed since his adjudication that the pe-

titioner consulted his present attorney, who advised him to make this application.

■ Despite the fact that two and a half years have passed since adjudication the proceeding was pending at the time that the Chandler Act became effective, the sole question presented by this application, it seems to me, is whether it is "practicable" as provided in Sec. 6, sub. b of the Chandler Act, 11 U.S.C.A. § 1 note, to apply the new procedure relative to discharge. In re Smith, 2 Cir., 112 F.2d 711.

In re Smith followed shortly the case of Cohen et al. v. Keller, 2 Cir., 108 F.2d 495, wherein the same court said that "it would not be 'practicable' to require referees to mail notices in all proceedings pending in their offices fixing a time for filing objections to discharges of bankrupts."

The opinion in Re Smith does not, however, make reference to Cohen v. Keller, but presumably the inference is justifiable that in some cases at least it may be "practicable" for referees to send out notices, in cases which were pending at the time that the Chandler Act became effective. Indeed in the Smith case, In re Cederbaum, D.C., 27 F.Supp. 1014, in which the contrary result was reached, was distinguished because under the old procedure the normal time for filing application for discharge had expired before the effective date of the amendment.

In the present case that is not the fact and hence the question of practicability must be specifically examined. The filed schedules show but three claims against the bankrupt; the New York Telephone Company for $69, Conlew, Inc. (the objecting creditor herein) for $1535.92, and the Harris Coal Co. for $150. It is entirely feasible for the referee to send notices to these three creditors.

■ The objecting creditor urges among other grounds that the bankrupt should be charged with laches. There is undoubted reason for believing that the bankrupt has been dilatory, though apparently this was due to his attorney and not to himself. But assuming that such action of the attorney would not excuse him, it must be recognized that laches in this proceeding is not a statutory defense; and in the absence of a showing by the opposing creditor that his position had changed as a result of the bankrupt's delay, the objection should not be sustained.

Accordingly the motion will be granted.