### In re CUNNINGHAM.

No. 35542.

District Court, E. D. New York.

Sept. 29, 1944.

Walter B. Milkman, of Brooklyn, N. Y., for bankrupt, for the motion.

Henry W. Parker, of New York City, for Morris Plan Industrial Bank of New York, a creditor, (opposed).

Joseph Wagner, of New York City, for J. M. & P. Scanlon, Inc., a creditor.

BYERS, District Judge.

The bankrupt seeks to secure an order referring this proceeding to the referee in bankruptcy, to fix a time for creditors to file objections to discharge pursuant to the requirements of section 14, sub. b, of the Act, 11 U.S.C.A. § 32, sub. b, and notice has been given to all of the creditors named in the petition and but two appeared in opposition.

More than five years have elapsed since the filing of the petition, which is the reason for the opposition to the motion.

The petition was filed on August 29, 1938, twenty-four days before the effective date of the amendments comprehended in the Chandler Act, 11 U.S.C.A. § 1 et seq.

It is a no-asset case and the referee filed a certificate of conformity on October 29,

---

[1] The judgment entered imposed a sentence of fifty-five (55) days in the Tarrant County jail.

1939, on which date he made and filed an order closing the proceeding.

No discharge was granted, and apparently a first meeting of creditors was held on October 19, 1938.

The bankrupt's affidavit discloses that he was advised by his attorney, and therefore believed, that no application for a discharge would be required, by reason of the provisions of the then new law found in the Statutes at Large, Vol. 52, Chapter 575 of the Laws of June 22, 1938, at the end thereof, where the following provisions will be found:

"Sec. 6. Effect of This Amendatory Act.—a. Nothing herein contained shall have the effect to release or extinguish any penalty, forfeiture, or liability incurred under any Act or Acts of which this Act is amendatory.

"b. Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect; but proceedings in cases then pending to which the provisions of this amendatory Act are not applicable shall be disposed of conformably to the provisions of said Act approved July 1, 1898, and the Acts amendatory thereof and supplementary thereto." 11 U.S.C.A. § 1 note.

Since the petition was filed twenty-four days before the amendments of 1938 became effective, the proceeding was pending at that time.

A recent examination of the bankrupt in Supplementary Proceedings, by a judgment creditor listed in the schedules, gave rise to this motion.

The creditor Morris Plan Industrial Bank of New York, opposing the motion, urges in effect that it is not practicable to entertain this application at this time, because of the bankrupt's laches; and that the objecting creditor "will be prejudiced in examining into the acts and conduct of the bankrupt, for the purpose of ascertaining whether the bankrupt has committed any act or failed to act in any way which would be a bar to his discharge inasmuch as such examination may necessarily be concerned with the events occurring over six years ago".

It is impossible for the Court to adopt any arbitrary margin of time at the expiration of which the test of practicability may be deemed outlawed.

This bankrupt was engaged in conducting a retail grocery business in Freeport, New York, and his creditors are said to represent supply houses, for the most part, and it may be that their files of credit statements, etc., are not now available to them because of the lapse of time, although Morris Plan Industrial Bank does not so state in reference to its own records, in the affidavit from which the quotation has been taken.

Two cases are cited on behalf of the bankrupt as favorable to his application: In re Smith, 2 Cir., 112 F.2d 711; and In re Husman, 57 F.Supp. 641, in which an opinion of Judge Galston was rendered in this Court in a case in which two and a half years elapsed after the adjudication and prior to the petition, which was similar to this in purpose.

In the former, there was no such lapse of time as is involved here, and in the latter case there were but three creditors, one of whom unsuccessfully objected to the granting of the motion.

Naturally the Court is inclined to make a ruling that would accord to the bankrupt his day in court on the question of discharge, but that inclination must yield to a possible showing that it is not practicable to allow the bankrupt to proceed in all respects as though his petition had been filed promptly after the amendments of 1938 took effect.

Accordingly the disposition of the motion will be this: The matter will be sent to the referee to conduct a preliminary inquiry to ascertain whether the opposing creditors, or any other creditors who may appear, have been so prejudiced by the lapse of time that they cannot now meet the issues necessarily comprehended in the bankrupt's application for a discharge. If he determines that one or more of the creditors would be indeed so circumscribed, he will so report to this Court, and the motion will be denied.

On the other hand, if he concludes that creditors desiring to oppose the application for discharge can do so as adequately as though the application had been made promptly after September 22, 1938, he will proceed to take testimony on the merits of a petition for discharge, and dispose of it as the evidence seems to require.

Settle order.